[No. 28997. Department One. July 1, 1943.]

E. L. BRUCKER, *Appellant,* v. SOREN MATSEN, *et al., Respondents.*[1]

[1]Reported in 139 P. (2d) 276.

*J. P. Tonkoff* and *Charles F. Bolin,* for appellant.

*Conklin & Delle,* for respondents.

MILLARD, J.—Soren and Donald Matsen, copartners engaged, under the name of Matsen Motors, in the business of repairing automobiles, were employed by plaintiff to transport his disabled automobile to Wapato from a point approximately one mile southeast of that city. While assisting the operator of the copartners' service truck in attaching a cable from the rear of the truck to plaintiff's automobile, plaintiff sustained serious personal injuries as a result of the collision of a southbound automobile with the service truck, to re-

cover for which plaintiff instituted this action against the copartners and their employee, the operator of the service truck. Defendants answered, denied negligence on their part, and pleaded, as affirmative defenses, assumption of risk and contributory negligence. At the conclusion of plaintiff's case, and the court having discharged the jury, defendants' motion for nonsuit was granted on the ground of insufficiency of the evidence to warrant a verdict in favor of plaintiff. The appeal is prosecuted by plaintiff from the judgment of dismissal.

■ The rule, in determining the question whether the evidence was sufficient to take the case to the jury, is that a challenge to the sufficiency of the evidence or a motion for nonsuit admits the truth of the evidence of the party against whom such challenge or motion is made and all inferences that reasonably can be drawn therefrom, and requires that the evidence be interpreted in the light most favorable to the party toward whom the challenge is directed, and most strongly against the challenging party. *Gray v. Wikstrom Motors, Inc.*, 14 Wn. (2d) 448, 128 P. (2d) 490.

■ We have consistently held that ordinarily the question whether there has been negligence or contributory negligence is one for the jury; however, if the facts are such that all reasonable men must draw the same conclusion from them, the question of negligence or contributory negligence is then considered as one of law for the court. *Emanuel v. Wise*, 11 Wn. (2d) 198, 118 P. (2d) 969.

In the light of the foregoing rules, the evidence (the only evidence in the case is that which was adduced on behalf of appellant), which is summarized as follows, was insufficient to take the case to the jury: About 12:30 a. m., May 28, 1941, while proceeding in a Chevrolet automobile from Toppenish toward Wapato on a highway, which is known as the "Track Road," the course of which is northwest from Toppen-

ish to Wapato, appellant's automobile collided with an automobile parked on the highway. As a result of that collision, appellant's disabled automobile came to rest partially off the left-hand side of the highway, facing in a northwesterly direction toward Wapato. An accommodating motorist transported appellant to Wapato, at which place he employed L. D. LaGrange, operator of the service truck or wrecking car of Matsen Motors, to transport appellant's automobile to Wapato.

Appellant accompanied LaGrange, who, upon arrival at the point where appellant's disabled automobile was parked, attached a cable extending from the rear of the service car to the rear of appellant's automobile and hauled the automobile onto the traveled portion on the left-hand side of the highway facing toward Wapato. By direction of LaGrange, appellant unhooked the cable from his automobile and LaGrange turned the service car around, stopping diagonally on the left-hand side of the highway and directly in front of appellant's automobile, with the lights of the wrecker and the lights on appellant's automobile burning brightly. The cable on the service car was connected around the front end of appellant's automobile, for the purpose of hoisting the front end clear of the highway and towing the automobile on its rear wheels behind the service car. At request of LaGrange, appellant assisted him by keeping the slack out of the cable in order to prevent the cable from kinking while LaGrange released the cable on the spool which was on the service car.

Appellant testified that LaGrange went around to the front of the service car to manipulate the winch in hoisting the automobile. LaGrange and appellant decided, when they discovered that the front wheel and axle of appellant's automobile did not clear the highway when the front end of the automobile was raised, to lower the automobile, hitch the cable around the

wheel, and again hoist the automobile. It was then approximately two a. m., and the night was damp and foggy. In order to make the new attachment with the cable, it was necessary that the hoisting machinery on the wrecker be released so that the front end of the automobile could be lowered and the cable loosened. LaGrange informed appellant that he would "go around to the wrecker and release more cable," and that appellant should watch it and take the slack out of the cable.

While LaGrange was operating the hoisting machinery, an automobile operated by one Leo L. Johnson, proceeding from Wapato to Toppenish, collided with the left rear end of the service car, which, with appellant's automobile, was on the left-hand side of the highway facing toward Wapato. When the collision occurred, appellant was standing behind the wrecker and in front and to the right of his automobile, facing in a southerly direction. No one testified where LaGrange was when Johnson's automobile collided with the service car. Appellant testified that he knew that LaGrange had to go around in front to release the cable, but that he did not know where LaGrange was when the Johnson automobile collided with respondents' service car. Doubtless, LaGrange was alongside the service car, while operating the machinery to release the cable in order to lower the front end of appellant's automobile. There is no testimony where the cable drum was located on the service car. Surely it was not on the hood of the service car, and undoubtedly it was behind the cab of the service car.

Johnson was convicted—pleaded guilty—of reckless driving. He was proceeding at the rate of not less than forty-five miles an hour, or sixty-seven feet a second, when he crossed the bridge, which was the first point at which the lights on his automobile could have been seen from the place of the collision, which

was thirteen hundred and twenty feet southeast of the bridge, or, measured by time, a matter of approximately twenty seconds.

The specific acts of negligence alleged by appellant were: Respondents hauled appellant's automobile from the ditch onto the left-hand side of the main traveled portion of the highway, facing toward Wapato, when the automobile should have been towed to the right-hand side of the highway; respondents placed their service car on the left-hand side of the highway in front of appellant's automobile; the lights on respondents' service car were burning brightly and would blind or deceive operators of automobiles approaching from Wapato (lights on appellant's automobile were also burning brightly); respondents failed to place flares or warning lights to apprise travelers using the highway that respondents were parked on the wrong side of that highway; appellant then alleged that respondents knew or should have known that the foregoing negligence created a dangerous condition upon the highway.

If respondents were guilty of each and every item of negligence alleged, it must be conceded that appellant had full knowledge thereof when he was assisting LaGrange. If respondents were negligent in placing appellant's automobile and their service car upon the left-hand side of the highway; if it were negligence for the lights of the service car to be brightly burning and creating the blinding results alleged by appellant; if the perilous situation then existing was made more hazardous by reason of failure of LaGrange to place warning lights along the highway; and if, as a result of all of these acts of negligence, a condition was created which respondents knew, or in the exercise of reasonable care should have known, was dangerous and likely to result in the injury of appellant, appellant also was fully aware, or in the exercise of reasonable care, should have known

of the dangerous condition, and he may not close his eyes to perils thus created and recover for injuries sustained by reason of exposure of himself to such hazards. 38 Am. Jur. 860, 865. As appellant's knowledge of the danger equaled that of the respondents, no liability is predicable of the injury proximately resulting therefrom.

During the argument upon the motion for nonsuit, appellant alleged by trial amendment, as an additional ground of negligence, that LaGrange was under a duty to warn appellant of the approach of Johnson's automobile and that he failed to give such warning. That position is without substantial merit.

There is an absence of evidence of any understanding between appellant and LaGrange that the latter was to keep a lookout for and warn appellant of approaching traffic, while appellant was between the service car and his own automobile, and that appellant relied upon LaGrange to do so. It was impossible to see the lights of an automobile approaching from Wapato until the automobile crossed the bridge about thirteen hundred and twenty feet northerly from the scene of the collision; that is, the Johnson automobile would be visible from the time it crossed the bridge to the time of the collision not in excess of twenty seconds. There is no evidence, or reasonable inference from evidence, that LaGrange knew or was in a position to know, within time to warn appellant of impending danger, that the Johnson automobile was approaching and that it was reasonably probable that that automobile would collide with the service car. Appellant and LaGrange were so fully occupied in the making of a new hitch of the cable around appellant's automobile and in the manipulation of the hoisting machinery that they never heard the approaching Johnson automobile nor were they warned by the lights of that automobile of its approach.

■ Appellant presumes that, because he knew that LaGrange had to go around "in the front and release" the cable (although he testified that he did not know where LaGrange was standing when the Johnson automobile collided with the service car and that "we never heard or noticed the automobile"), a short time later (matter of seconds) LaGrange should have seen Johnson's approaching automobile. Appellant infers therefrom that LaGrange then knew or should have known there was danger of collision, of which peril LaGrange had time to warn appellant. That is a pyramiding of inferences which would not have sustained a verdict finding LaGrange was negligent for failure to warn appellant within time to escape injury from the collision which resulted.

"We will infer a consequence from an established circumstance. We will not infer a circumstance when no more than a possibility is shown." *Parmelee v. Chicago, M. & St. P. R. Co.*, 92 Wash. 185, 194, 158 Pac. 977.

To sustain the position of appellant we would have to indulge in a presumption in order to support a conjecture and to pyramid inference upon inference, which is not permissible. See *Prentice Etc. Co. v. United Pac. Ins. Co.*, 5 Wn. (2d) 144, 106 P. (2d) 314.

The judgment is affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.