**SEARS, ROEBUCK AND COMPANY,**
Appellant,

v.

**Jimmie M. ROBINSON, Appellee.**

No. 4996.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 21, 1954.

Rehearing Denied Nov. 17, 1954.

Orgain, Bell & Tucker, Beaumont, for appellant.

Watson & Sanders, Alto V. Watson and D. F. Sanders, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Jefferson County in a personal injury action.

Appellee Robinson was an employee of appellant Sears, Roebuck and Company at its warehouse in Beaumont. Appellant was an employer subject to the Workmen's Compensation Act, but did not carry Workmen's Compensation insurance.

The facts in the case are not extensive or intricate, and, except as to whether appellee got hurt, they are not seriously in dispute. In April, 1953, appellee Robinson was in the act of moving a reconditioned automobile motor in the warehouse. The motor was heavy and was in a box. There was some lubricating oil on the warehouse floor at that place, which had apparently leaked out of a pile or stack of canned oil in a corner near the stack of motors. This made the floor slippery, and Robinson's foot slipped while he was lifting or pushing the motor. As it did so he hurt his back. This brought on the injuries found by the jury, and was the basis of his claim for damages. Robinson saw the oil on the floor before he stepped in it, according to his own testimony. He knew it was slippery, but he did not know he was going to slip in it and hurt himself. He was wearing work shoes with rubber soles. He had seen the oil on the floor earlier in the morning of the day he got hurt. He made no mention nor report to his foreman of the slipping and injury, who was also in the warehouse on duty. He worked a few days thereafter, and when his employment with appellant ceased, he filed suit.

In his petition he alleged in more detail the above facts and alleged that the following acts on the part of the appellant, its agents, servants, officers or employees were negligence: (1) failing to keep the floor free of oil; (2) failing to remove such oil from the floor; (3) maintaining such floor in an oily and slippery condition; (4) failing to place sand or some other gritty material on the floor to keep it from being slippery and dangerous; (5) permitting oil to escape and leak from the oil containers and automobile motors and accumulate on the floor; (6) failing to prevent leakage of oil from the oil containers and motors and its accumulation on the floor.

He further alleged that "as a direct and proximate cause of the negligence on the part of the defendant, plaintiff slipped on the oily floor, etc." This undoubtedly is a clerical error and we take it that he intended to allege that such alleged negligence was the proximate cause of his injuries.

The appellant answered with a general denial and also by specially denying that it was negligent in any manner, and further alleging that the appellee's own negligent acts, wrongs and omissions solely caused his injuries and damages, if any. It further alleged in the alternative that appellee's injuries, if any, were solely due to dangers ordinarily inherent in the work being performed and the same arose from risks or-

dinarily incident to such employment. It further alleged that all the matters and conditions of which the appellee complained were open and obvious and well known to him, or in the exercise of ordinary care should have been seen and observed, and appellee's injuries, if any, were solely the result of such conditions.

The case was tried to a jury and the jury by its verdict found the following in answer to special issues submitted in the court's charge:

(1) Appellee slipped on the floor in appellant's warehouse; (2) and in doing so sustained an injury to his body; (3) there was oil on the floor of the warehouse at the place where he slipped; (4) such oil had remained on the floor for a sufficient length of time for the appellant, its agents, officers, servants or employees, other than appellee, in the exercise of ordinary care to have known of it; (5) the act of the appellant, its officers, agents, servants or employees, other than appellee, in allowing the oil, if any, to remain on the floor of the warehouse until appellee slipped was negligence and (6) was a proximate cause of his injury; (7) Robinson failed to keep a proper lookout for his own safety but (8) such failure was not the sole cause of his injury. By issues 9, 10 and 11 findings were made as to the amount of damages suffered. The appellant requested the trial court to submit 18 Special Issues, which requests were refused by the court. These issues sought to inquire whether Robinson was engaged in the performance of the usual and customary work required of employee in such type of employment at the time of his injury, whether the injury received was solely caused from the performance of such usual and customary work, whether the injury sustained was solely due to risks ordinarily incident to his employment, whether the presence of the oil on the floor was open and obvious to Robinson, whether Robinson saw the oil on the floor prior to his injury, whether Robinson was aware that such oil left the floor in a slippery condition, whether his injury was solely caused by the oil on the floor, whether Robinson saw the oil on the floor before he was injured, whether Robinson failed to report the existence of the oil on the floor, whether such failure was negligence, whether such failure to report the existence of the oil was the sole cause of his injury, whether it was negligence for Robinson to step in said oil, whether such negligence, if any, was the sole cause of his injury, whether Robinson was aware of the danger in slipping in the oil, whether his injury was solely caused by such danger, whether Robinson attempted to move the motor while standing on an oily floor, whether such act was negligence on the part of Robinson, and whether such negligence, if any, was the sole cause of his injury.

Appellant also made numerous objections to the charge of the court.

The court entered judgment for appellee on the jury's verdict, and appellant has duly perfected its appeal.

Appellant brings its appeal under 15 Points of Error. By its first point it says the trial court erred in overruling its motion for instructed verdict and says there was no evidence of negligence on its part as to the open and obvious conditions known to appellee Robinson. By its second point it also says the court erred in overruling its motion for instructed verdict and says that the evidence failed to raise any issue of negligence and that there was no showing that it knew or should have known of the existence of the oil on the floor. Its Points Nos. 3 through 9, inclusive, complain of the court's action in refusing to submit its various requested Special Issues. Points Nos. 10, 11, 12 and 13 complain of the wording of Special Issues Nos. 4 and 5 in the court's charge. Point No. 14 complains of the action of the court in allowing a medical witness for the appellee to testify as to the history given him by appellee. Point 15 complains of the wording of Special Issue No. 10 in regard to a remittitur of some portion of the damages found by the jury.

Before we enter into a discussion of the various Points of Error and the reply of the appellee thereto we deem it nec-

essary to make some observations and holdings as to the general nature of the rights and duties of the parties under the facts set out in the opening statement. Since the appellant was subject to the Workmen's Compensation Act of Texas and did not carry workmen's compensation insurance, the appellant in this suit for personal injuries by an employee is deprived by the Workmen's Compensation Act itself of the following defenses: (1) that the employee was guilty of contributory negligence; (2) that the injury was caused by the negligence of a fellow employee; (3) that the employee had assumed the risk of the injury incident to his employment. Article 8306, Sec. 1, Vernon's Annotated Civil Statutes of Texas.

In order for the appellee to recover for his injury it was necessary that he allege and prove negligence on the part of the appellant, its agents, servants or employees, and that such negligence was a proximate cause of his injury.

■ The doctrine of volenti non fit injuria does not apply and is not available as a defense to such an employer, if negligence of the employer or its servants or agents is shown. The question of whether or not the danger was open and obvious to the employee is of no importance in such a case, since if the employer owed the employee a duty and such duty was breached by it then the reasoning of the cases which hold that a defendant owes no duty to a plaintiff to warn him of dangers which are open and obvious to him do not apply. All the reasoning in the case of Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172 and in the case therein quoted from and discussed, Brucker v. Matsen, 18 Wash.2d 375, 139 P.2d 276, states that a plaintiff's right to recover cannot be defeated on the theory that he assumed the risk of injury under the doctrine of volenti non fit injuria unless it appears that with full knowledge of the nature and extent of the danger involved he put himself in the way of the particular risk involved as the result of an intelligent choice. Triangle Motors of Dallas v. Richmond, Tex., 258 S.W.2d 60. The doctrine defeats recovery some times even in the absence of negligence on the part of a plaintiff. It applies when the defendant owes plaintiff no duty, since the danger is open and obvious to plaintiff. It is based on an assumption of risk. Any attempt to apply the doctrine of volenti non fit injuria to the relationship between an employer subject to the Workmen's Compensation Act but not covered by workmen's compensation insurance and an employee injured by the negligence of the employer appears to be an attempt to evade the statute above quoted and to invoke the doctrine of assumed risk under another name, the latin phrase "volenti non fit injuria." The employer owes the employee a duty here however, to provide a safe place to work, one without a slippery floor.

■ In the instant case before the appellee was entitled to recover it was necessary that he show negligence on the part of the employer and that such negligence was a proximate cause of his injury. The only defenses available under the above facts here are that the appellant, its agents, servants or employees, was not guilty of negligence which proximately caused the appellee's injury, and that appellee himself was guilty of some act which was the sole proximate cause of his injuries.

■ From what has been said, we believe that there was no error in the trial court's refusal to grant the appellant's motion for instructed verdict because of the open and obvious condition of the warehouse floor. Also, we believe the evidence was sufficient to warrant the submission of the Special Issues inquiring whether oil had been on the floor long enough that the appellant or its servants, agents or employees knew or should have known in the exercise of reasonable care of the presence of the oil on the floor.

■ The appellant's requested Issues Nos. 12 and 13, which sought to inquire whether it was negligence for appellee Robinson to step in the oil and whether such negligence, if any, in stepping in the oil

was the sole cause of his injuries, should have been submitted and we believe it was error to refuse to submit these issues, or ones similar to them. These issues embodied the appellant's affirmative defense to the appellee's cause of action. The court did submit in other issues whether the appellee kept a proper lookout for his own safety, whether such failure was negligence and the sole proximate cause of his injuries. Appellee argues that this is a sufficient presentation of appellant's defense but we do not so regard it. The inquiry as to whether he kept a proper lookout was pointless in view of appellee's own testimony that he saw oil on the floor and knew the floor was slippery before he stepped in it. He could have kept a perfect lookout for his safety and if he observed the danger and did nothing to avert it such a finding of a proper lookout would be of no benefit to him. The real defensive issue here is whether his act of stepping on the oily floor, or his act of trying to move the heavy motor while standing in an oily spot on the floor was negligence and whether such act was the sole proximate cause of his injuries. This is not included in the issue as to proper lookout. Of course if such an act was negligence but was not the sole proximate cause but only a proximate cause of his injuries and if the appellant was guilty of some act of negligence which was a proximate cause of his injuries, a recovery would not thereby be defeated. Such a defensive issue should have been submitted, however, and a failure to do so was such error as requires a reversal of the judgment.

The other points raised by the appellant in connection with its objections to the charge of the court have been examined and are overruled without further comment. We believe they present no error and no good purpose would be served by discussing them at length.

For the error in refusing to submit the Special Issues requested by the appellant as pointed out above, the judgment of the trial court is reversed and the cause is remanded for a new trial.