DAVIDSON IRON & METAL COMPANY
et al., Appellants,

v.

Albert McDONALD, Appellee.

No. 6809.

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1955.

Rehearing Denied June 9, 1955.

Paul J. McClung, David Moore, Longview, for appellants.

R. L. Whitehead, Longview, for appellee.

DAVIS, Justice.

Appellee-plaintiff sued appellants-defendants, Davidson Iron & Metal Company, a partnership, composed of Barnard Davidson and Harry Levinson, for damages for injuries allegedly sustained on January 9, 1954, in the course of his employment for appellants. He alleged that he was feeding a metal shearing machine which was used by appellants in cutting scrap pipe and other scrap metal into small lengths so it could be handled more efficiently, and while operating the machine, he cut the tip end of his little finger on his right hand, went to the office of appellants and Barnard Davidson treated the injury and instructed him to get some gloves and return to work. He further alleged that he secured the gloves and returned to work at the shearing machine, placed a piece of pipe in same, and being unable to grip the pipe as he should, his right hand was pulled into the machine and mangled the little finger on his right hand. (The same finger that had previously been injured.) The suit was based upon the second injury.

He alleged negligence on the part of appellants for instructing him to go back to work in his injured condition, and that appellants knew that the machine was a dangerous machine.

Appellants answered by a general denial and specially pleaded as a defense to the suit that the injuries complained of by appellee were not sustained while engaged in work for appellants nor within the scope of his employment for appellants. Appellants further pleaded that if appellee sustained such injury, it occurred while appellee was in a state of intoxication; that the shearing machine was the kind usually used in the junk metal business; that such injury, if any, resulted solely and proximately from an inherent risk; and, such injury resulted from an unavoidable accident.

The evidence shows that appellee was injured twice on the date and occasion in question. The first injury occurred about 8:30 or 9:00 o'clock in the morning; and

according to appellee's testimony and that of his only other witness, the second injury occurred anywhere from 30 minutes to an hour and a half after the first. Appellee reported his first injury to appellants and received first aid. He did not report the second injury. According to appellants, both partners, at the time of the first injury, discovered that appellee had been drinking some kind of alcoholic beverage and fired him. And, according to one of appellants' witnesses, appellee said, about 1:30 p. m., that he had hurt his finger while working on his truck. Appellee testified by deposition that he went straight from the job after the second injury to the hospital about 440 yards from the place of business of appellants. Appellee arrived at the hospital after 1:30 and before 3:00 o'clock that afternoon, and reported that he had sustained an injury to his finger at 1:30 p. m. while working for appellants. Both the nurse and the doctor testified that they smelled alcohol on appellee when he was at the hospital and the doctor said he was drunk.

The evidence further shows that appellee did not make any complaint to either of the partners that he was suffering any pain from the first injury which prevented him from being able to grip the pipe as he should. Appellee testified that he *was not* told to go back to work by either partner.

The evidence further showed that the shearing machine upon which appellee was working was a dangerous machine, and that appellee knew and appreciated such dangers and the risk he was taking by working there. He had been working there about four years.

Trial was to a jury which found that: (1) Appellee sustained a second injury to his little finger on his right hand on January 9, 1954, while working on the shearing machine of appellant; (2) that Barnard Davidson instructed appellee to return to work on the shearing machine after being aware of the first injury; (2-A) that such action on the part of Davidson was negligence; (2-B) that such negligence was a

proximate cause of the injury; (3) that appellee was not "intoxicated" at the time of the injury; (4) that the inherent risk in the work being done was not the sole proximate cause of the injury; and, (6) fixed appellee's damages at $900.

■ This case is before us on appellants' brief alone and we must accept as true the facts and the record as stated by appellants in their brief. Rule 419, Texas Rules of Civil Procedure; Rogers v. Dickson, Tex. Civ.App., 157 S.W. 2d 404; Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77, modified, 143 Tex. 64, 183 S.W. 2d 453; Beyersdorff v. Spillar, Tex.Civ.App., 224 S.W. 2d 272.

By points 1, 2 and 3, appellants complain of the action of the trial court in overruling their motion for instructed verdict, motion for judgment non obstante veredicto, and rendering judgment for appellee because there was no evidence that appellants were guilty of negligence or violated any legal duty owed to appellee.

■ As hereinabove pointed out, the evidence clearly shows that appellee knew and appreciated the danger inherent in his employment. The jury finding that appellants instructed appellee back to work is in direct conflict with appellee's own testimony. Thus appellee failed, as a matter of law, to prove a cause of action against appellants and their motion for instructed verdict should have been granted. The very recent case of McKee v. Patterson, 271 S.W. 2d 391, by the Supreme Court is directly in point on the question here, and renders further discussion by us wholly unnecessary. See also Sears, Roebuck & Co. v. Robinson, Tex.Civ.App., 272 S.W.2d 549, affirmed 280 S.W.2d 238. Points 1, 2 and 3 are sustained.

In the state of the record, we have no other alternative than to reverse the judgment of the trial court and render judgment that appellee take nothing, and it is unnecessary to discuss the other points of error raised by appellants.

Appellee having failed to prove a cause of action against appellants, as a matter of law, the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.