C. C. PLEMMONS et ux., Relators,

v.

Honorable Gordon D. GARY et al.,
Respondents.

No. 6268.

Court of Civil Appeals of Texas.

Beaumont.

March 5, 1959.

Melvin Combs, Beaumont, for appellants.

· Cleve Bachman, Orgain, Bell & Tucker,
Beaumont, for appellees.

ANDERSON, Chief Justice.

This is an original proceeding in which
the relators seek a writ of mandamus to
compel the Honorable Gordon D. Gary,
Judge of the district court of the 60th
Judicial District, to set aside certain orders
of that court and render judgment in favor
of relators on a jury's verdict. Sears,
Roebuck and Company (which will be here-
inafter referred to as Sears) and H. C.
Malone, a Sears' employee, are also named
as respondents.

Relators brought suit in the district court
against Sears and Malone to recover dam-
ages for personal injuries Mrs. Plemmons
sustained when she tripped over a chain
barricade on the Sears' premises. The
case was submitted to a jury on special
issues. A verdict was returned and ac-
cepted, and the jury was discharged. The
plaintiffs in the case, the relators, then
made motion that the jury's answer to
special issue No. 20 be set aside or dis-
regarded and that judgment be rendered
in their favor on the verdict. The motion
was overruled and a mistrial was declared,

upon the ground that the finding in response to special issue No. 20 was in irreconcilable conflict with certain other findings which were essential to the plaintiffs' right of recovery.

Excluding those to which answers were rendered unnecessary by the answers to preceding special issues, all of the special issues except No. 20 were answered favorably to the plaintiffs. The defendants were found to have been negligent in five different respects, and each negligent act or omission was found to have been a proximate cause of Mrs. Plemmons' injuries. But in response to special Issue No. 20 the jury found that Mrs. Plemmons' failure to observe the chain before entering the parking lot was the "sole cause" of her injuries. There was no finding that Mrs. Plemmons' failure to observe the chain was negligence. Special issue No. 18, which presented the matter, was answered in the negative. Special issue No. 19 was not answered, since it was to be answered only in the event special issue No. 18 had been answered in the affirmative. It presented the matter of whether Mrs. Plemmons' negligence, if any, in failing to observe the chain was a proximate cause of her injuries. Special issue No. 20 was to be answered only in the event special issue No. 17 had been answered in the affirmative, but an answer to it was not otherwise made conditional. Special issue No. 17, which merely asked whether Mrs. Plemmons failed to observe the chain before entering the parking lot, was answered in the affirmative.

Relators urge but two propositions: (1) that in a legal sense Mrs. Plemmons' failure to observe the chain cannot have been the "sole proximate cause" of her injuries, since such failure was not found to have constituted negligence; (2) that the finding in question is neither material nor inconsistent with the findings that negligent acts and omissions of the defendants were proximate causes of Mrs. Plemmons' injuries, since it is merely a finding that Mrs. Plemmons' failure to observe the chain was the "sole cause" of her injuries, not a finding that her said failure was the "sole proximate cause" of her injuries.

■ We cannot agree with either contention. As between "sole cause" and "sole proximate cause," the former is the less restrictive of the two terms. If Mrs. Plemmons' failure to observe the chain was the "sole cause" of her injuries, it necessarily was also the "sole proximate cause" of them. The finding in response to special issue No. 20 is therefore in irreconcilable conflict with the findings that negligent acts and omissions of the defendants were proximate causes of said injuries. Moreover, the fact that Mrs. Plemmons was not found to have been negligent in failing to observe the chain is of no importance; the conflict between the findings with reference to causation is still just as real and just as significant. The principle involved is the same as the one applied in the numerous cases in which it has been held that there can be no recovery where the conduct of a third party, even though not negligent, is found to have been the "sole proximate cause" of loss or injury—among them: Dallas Railway & Terminal Co. v. Guthrie, Tex. Civ.App., 206 S.W.2d 638 (reversed on other grounds 146 Tex. 585, 210 S.W.2d 550); Gulf, C. & S. F. Ry. Co. v. Jones, Tex.Civ.App., 221 S.W.2d 1010; Fort Worth & D. C. Ry. Co. v. Bozeman, Tex. Civ.App., 135 S.W.2d 275. Relators would distinguish that line of cases upon the theory that the quality of the third person's conduct is immaterial only because of a lack of privity between the parties. It will be found, however, that the rule is grounded in the proposition that a defendant is not liable in damages unless his conduct has been a proximate cause of the result in issue. See, in particular, Fort Worth & D. C. Ry. Co. v. Rowe, Tex.Civ. App., 69 S.W.2d 169. And the principle that one's conduct cannot be a proximate cause if another's is the sole proximate cause is too well settled to require citation of authorities.

The question with which we are concerned was not involved in Sears, Roebuck & Company v. Robinson, Tex.Civ.App., 272 S.W.2d 549 (affirmed 154 Tex. 336, 280 S.W.2d 238), nor do we feel that anything said by this court in the opinion in that case is necessarily inconsistent with the conclusions herein expressed.

Although perhaps unnecessary, we suggest that the foregoing should not be construed as any indication that the court is of the opinion that the question of "sole cause" must be submitted in comparable situations or that submission of the question of "sole proximate cause" does not meet the requirements of the law.

For the reasons indicated, relators' application for a writ of mandamus is refused.