Willie J. SALLIE, Appellant,

v.

Curtis COOK, Appellee.

No. 16721.

Court of Civil Appeals of Texas.

Dallas.

May 13, 1966.

W. J. Durham, Dallas, for appellant.

Valdez, Benavides, Menaker & Brown, Woodruff, Hill, Bader & Kendall, David M. Kendall, Jr., Dallas, for appellee.

DIXON, Chief Justice.

This damage suit arose out of rear-end collisions involving three automobiles. The vehicles were moving in a northerly direction in the 9300 block of South Central Boulevard in the City of Dallas at about 8:45 o'clock on the morning of October 7, 1963. Car No. 1, a pickup truck driven by

appellee Curtis Cook, was in the lead. Behind car No. 1 was car No. 2, also a pickup truck, which was being driven by plaintiff James E. Owen. Behind car No. 2 came car No. 3, which was being driven by appellant Willie J. Sallie. Car No. 3 collided with the rear of car No. 2, knocking the latter vehicle into the rear of car No. 1.

Owen, in car No. 2, was the original plaintiff in the suit. Appellee Cook in addition to his answer filed a cross-action against Owen and included appellant Sallie as a cross-defendant. Apparently a settlement has been reached between appellant and Owen. The latter is not a party to this appeal.

A jury returned a verdict finding that appellee Cook did not fail to keep a proper lookout and did not bring his pickup truck to a sudden stop. The jury found that appellant Sallie failed to keep a proper lookout and failed to make timely application of his brakes, but was not driving his car at an excessive rate of speed and was not following too closely behind the vehicle in front of him. The jury answered special issues in favor of Owen. Based on the jury verdict damages of $15,465.46 were awarded to appellee Cook against appellant Sallie, but in favor of Owen that appellee take nothing against him.

In his first seventeen points on appeal appellant complains of the refusal of the trial court to submit seventeen requested special issues which would have called on the jury to answer (1) whether the slowing of his speed by appellee in car No. 1 without any warning caused appellant (in car No. 3) to strike car No. 2, the Owen car; (2) whether Owen stopped his car immediately in front of appellant without any warning causing appellant to strike the Owen car; (3) whether the body of appellee's pickup truck projected 24 inches or more to the left of the center of the steering wheel; (4) whether appellee immediately prior to the time of the collision was attempting to turn his automobile to the left; (5) whether appellee's car was equipped with a signal light sufficient to indicate his intention to change the course of his automobile; (6) whether appellee gave a hand or arm signal visible to appellant; (7) whether appellant was faced with a sudden emergency; (8) whether appellee failed to keep a proper lookout for vehicles following to his rear; and (9) whether the collision was the result of an unavoidable accident. Appropriate issues were also requested in regard to negligence and proximate cause in connection with the above requested issues.

Appellant's requested issues as prepared on typewritten forms were filed with the clerk and are copied into the record; but they are not shown to have been signed by the judge, do not show that the requested issues were refused by the judge, or even brought to the attention of the judge. This was not in compliance with Rule 272, Texas Rules of Civil Procedure. Such being the case appellee insists that appellant's first seventeen points are not entitled to be considered on this appeal. Cross v. Everybodys, 357 S.W.2d 156, 159 (Tex.Civ.App., ref. n.r.e.); Cantrell v. Garrett, et al, 342 S.W.2d 466 (Tex.Civ.App., no writ hist.).

However, appellant contends that when other parts of the record are considered a substantial compliance with Rule 272, T.R. C.P. is shown. At the time appellant dictated his objections to the charge, which were later reduced to writing, he included the following:

> "Comes now the Cross Defendant and here and now resubmits and requests the Court to submit to the jury the requested Special Issues heretofore presented to the Court and overruled."

The court's order was as follows:

> "The above and foregoing objections and exceptions of the Cross Defendant, Willie J. Sallie, to the Court's main charge were dictated in the presence of the Court and opposing counsel with the understanding that same could be later

transcribed, and filed among the papers of the cause as of the time that they were dictated, and in this manner said objections and exceptions were presented to the Court, were considered by the Court, and were in each instance overruled by the Court, except insofar as the charge may have been corrected to meet any of said objections and exceptions, and to each adverse ruling of the Court the Cross Defendant then and there excepted."

It will be observed that the above order contains no specific reference to appellant's requested issues. We seriously doubt that the record shows a substantial compliance with Rule 272, T.R.C.P. even if we take into account appellant's typewritten forms together with his "resubmission" of his requested issues and the court's order as above quoted.

▪ Nevertheless, we have studied each of appellant's requested issues and have concluded that the failure to submit them or any one of them does not constitute reversible error. Appellant himself testified: "I did not see the pick-up [appellee's car] in front of Mr. Owens until we all come to a concrete collision." In view of such testimony, it is immaterial so far as appellant is concerned whether appellee slowed his speed without warning, whether appellee's car was equipped with signal lights, whether appellee gave a hand or arm signal, or whether appellee was attempting to turn left.

It is undisputed that the Owen car, the No. 2 car, saw appellee in the No. 1 car come to a stop, or near stop, in time for Owen to come to a stop eight or ten feet back of appellee. It was a clear day, the highway was dry. Though appellant on occasion contradicted himself he repeatedly testified that the Owen car had come to a complete stop at the time appellant in the No. 3 car started applying his brakes.

Appellant himself testified: "I was sliding—my wheels were sliding when I went into the back of his car. * * * I hit him hard but it didn't hurt me." The circumstances bear out appellant's testimony. His car struck the Owen car with such force that it broke the hip of Mrs. Owen, who was a passenger. Her right knee hit the door of the glove compartment with such force that it ruined the door, which had to be replaced. Her head struck the windshield and the resulting cut required six stitches.

▪ Whether Owen in the No. 2 car stopped his car suddenly in front of appellant would not absolve appellant of his negligence toward appellee unless Owen's negligence was the *sole proximate cause* of the collision with appellee, and no such issue was requested. Goolsbee v. Texas & N. O. R. Co., 150 Tex. 528, 243 S.W.2d 386, 388; Plemmons v. Gary, 321 S.W.2d 625, (Tex.Civ.App., no writ hist.).

Appellant's first seventeen points on appeal are overruled.

▪ In his eighteenth and nineteenth points appellant asserts that there was no evidence to show any causal connection between the alleged negligence of appellant and the claimed injuries of appellee; and the finding of the sum of $15,465.46 as damages is against the great weight and preponderance of the evidence.

The evidence amply supports the findings of the jury. The evidence is undisputed that the three vehicles had been proceeding for a considerable distance at a rate of about 45 miles per hour in the left hand lane of the two lanes for northbound traffic—the lane next to a concrete median strip about six inches high. As appellee approached a gap in the median strip he slowed down and came to a stop or a near stop. He intended to turn left to cross the highway to an access road leading to a tourist court where he was engaged to do some plumbing work. Traffic was heavy in both directions. Vehicles were proceeding in the two northbound lanes and the two

southbound lanes. Appellee testified that he held out his hand to indicate his intention to turn. Whether he did or not, his slowing or stopping was observed by Owen in the No. 2 car in time for Owen to bring his car to a complete stop eight or ten feet back of appellee. When asked if the Owen car had come to a complete stop ahead of him, appellant in the No. 3 car testified, "Well, I am pretty sure it was, because when I looked up it had already done and stopped." When asked, " * * * where were you looking that you looked up from," he testified, "I was looking out through the windshield."

As to appellee's injuries, he testified that he received injuries to his arms, back and shoulders; that at the time of the trial more than a year and a half after the accident, he was not able to raise his arm above his shoulder. He had been a plumber's helper for years, but had not been able to work at all since the accident, and even had to give up the cultivation of a small vegetable garden which he had been able to work in every year prior to the accident. His wife had not been employed outside their home before the accident but had worked ever since the accident in order to make a living for them. There was some evidence that not all his physical disabilities were due to the accident, but there was sufficient evidence to support the jury's award. Appellant's eighteenth and nineteenth points are overruled.

In his twentieth to twenty-fifth points inclusive appellant complains of the submission of issues inquiring whether appellant failed to keep a proper lookout and whether he failed to make timely application of his brakes, and of the submission of issues ancillary to the above. He complains also of the submission of the damage issue on the ground that there was no evidence to support its submission. Appellant's twenty-sixth point asserts error of the court in overruling his motion for an instructed verdict for the reason that there was no evidence to sustain the finding of the jury

and the judgment of the court. As we have indicated, there was sufficient evidence, including appellant's own testimony, to support the submission of the challenged issues, the jury's answers to them and the court's judgment thereon. Denham v. Smith, 258 S.W.2d 419, 422 (Tex.Civ.App., no writ. hist.).

The above numbered points on appeal are overruled.

The judgment of the trial court is

Affirmed.