SEARS, ROEBUCK & COMPANY V. JIMMIE M. ROBINSON

No. A-5025. Decided May 4, 1955.
(280 S.W. 2d Series 238)

*Orgain, Bell & Tucker* and *John G. Tucker,* all of Beaumont, for petitioner.

Because there was no evidence to raise any issue of negligence as against the defendant by reason of the open. obvious and known conditions and dangers, the Court of Civil Appeals erred in refusing to sustain defendant's objection to the trial court's error in submitting the case to the jury. Great Atlantic & Pac. Tea. Co. v. Coleman, 259 S.W. 2d 319; McKee v. Patterson, 271 S.W. 2d 391.

*D. F. Sanders, Alto V. Watson* and *Bill J. Sanders,* all of Beaumont, for respondents.

In response to petitioner's contention cites Land v. Henderson, 147 Texas 353, 215 S.W. 2d 585; Renfro Drug Co. v. Lewis, 149 Texas 507, 235 S.W. 2d 609; Fort Worth Elevator Co. v. Russell, 123 Texas 128, 70 S.W. 2d 396.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

Respondent Robinson sued Sears, Roebuck & Company, hereinafter called Sears, petitioner, for damages for personal injuries suffered by him when he slipped on the floor of Sears' warehouse while working as its employee. Upon jury findings favorable to Robinson, the trial court entered judgment in his favor. The Court of Civil Appeals reversed that judgment and remanded the cause for a new trial. 272 S.W. 2d 549.

Sears' only point of error is that the Court of Civil Appeals erred in not holding that the trial court erred "in submitting the case to the jury, because there was no evidence to raise any issue of negligence as against this defendant by reason of the open, obvious and known conditions and dangers." Sears says this point presents only one question for review: Whether Robinson made out a case of breach of duty by Sears.

Robinson was an experienced employee of Sears, working in its warehouse. The day before he was injured he helped stack some cans of oil. When he went to work the next day he saw a large pool of oil on the floor of the warehouse, which appeared to have seeped out of the cans which he had helped to stack. He made no complaint or report of this condition to his foreman or anybody in authority at the warehouse. He knew the oil was

slippery on the cement floor. Around noon and while he was helping other employees to move a reconditioned automobile motor Robinson stepped in the oil, slipped and hurt his back.

■ Although eligible, Sears had no compensation insurance. This rendered defenses of contributory negligence and assumed risk unavailable; nevertheless, as Sears insists, before Robinson can recover he must establish that it was guilty of negligence.

Sears' theory is that the record establishes as a matter of law that the dangerous condition of the floor on which respondent slipped and fell was open and obvious and the respondent knew or should have known of such condition and realized, or should have realized, the danger thereof. This being true, it is urged that the petitioner breached no duty it owed to respondent to warn him of the condition and its dangers, or otherwise to take precautions to protect him therefrom.

Sears admits that the statute has abolished the defense of assumed risk in this type of case; but, relying on McKee v. Patterson, 153 Texas 517, 271 S.W. 2d 391, it asserts that the question is not one of assumption of risk but one of no breach of duty as a separate concept for denying liability.

In the master and servant field of law the courts have developed two theories for denying liability where the unsafe condition of the premises or unsafe condition of tools and appliances furnished by the master were open and obvious to the servant and the dangers therein were appreciated by him. One was that the master owed no duty to the servant to protect him from the dangers of open and obvious conditions, and the other was that the servant assumed the risk of dangers in such conditions. Under the first theory the burden would naturally fall on the servant to prove the existence of the duty as a part of his cause of action. Under the second theory it was recognized that when the dangerous premises or instrumentalities were furnished, the master had breached his duty to furnish a reasonably safe place to work or reasonably safe tools, thereby creating a cause of action against which he could defend by showing that the servant had assumed the risk of the dangers incident thereto. Section 1291, Labatt on Master and Servant, makes it clear that the author prefers to treat the problem as one of defense rather than a breach of duty.

We think the decisions in Texas will show, without exception, that the courts of this State adopted the second theory: that the

duty of the master was breached in failing to furnish a safe place to work or safe tools to work with, but that he could defend against the servant's suit by showing that the dangers of the conditions or tools were known to the servant; and that therefore he had assumed the risk. Illustrative of the cases which predicated non-liability upon the defensive theory of assumption of risk are the following: Missouri, Pac. Ry. Co. v. Somers, 78 Texas 439, 14 S.W. 779; Bonnett v. Galveston, H. & S.A. Ry. Co., 89 Texas 72, 76, 33 S.W. 334; Poindexter v. Receivers of Kirby Lbr. Co., 101 Texas 332, 107 S.W. 42; St. Louis Southwestern Ry. Co. of Texas v. Hynson, 101 Texas 546, 109 S.W. 929; Patton v. Dallas Gas Co., 108 Texas 321, 192 S.W. 1060. It was with the law in Texas in this attitude that the Legislature passed the Workmen's Compensation Act and abolished the defense of assumption of risk.

■ The same rule in the landowner-invitee field of the law prevailed in Texas until 1933 when, in the case of Marshall v. San Jacinto Bldg., Inc., 67 S.W. 2d 372, error refused, the Beaumont Court of Civil Appeals introduced the idea that there was no duty on the landowner to take precautions to protect the invitee from open and obvious dangers. The Court quoted from 45 Corpus Juris, p. 837, in saying: *"The duty* to keep premises safe for invitees applies *only* to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, * * * the invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is *under no duty* to reconstruct or alter the premises so as to obviate known and obvious dangers * * * no precautions are necessary where the danger is obvious and unconcealed." See also 65 C.J.S., Negligence, §50. In Hausman Packing Company v. Badwey, 147 S.W. 2d 856, writ refused, the court said: "The rule is well settled that the owner of premises *is not required to keep them safe* for invitees in so far as open, obvious and known defects or conditions are concerned." In Houston National Bank v. Adair, 146 Texas 387, 207 S.W. 2d 374, 376, the court said: "All of these conditions being open and obvious to Mrs. Adair when she started down the stairway, it follows as a matter of law that the evidence does not show that the Bank *violated its duty to Mrs. Adair* * * *." In A. C. Burton v. Stasny (Civ. App.), 223 S.W. 2d 310, writ refused, the Marshall and Adair cases were quoted with approval on the proposition that there was no legal duty imposed on the defendant to protect the plaintiff from open and obvious dangers. Hall v. Medical Building, 151 Texas 425, 251 S.W. 2d 497, 500, states that the general rule is that the landowner owes an invitee a duty to use reasonable care to keep

the premises in a reasonably safe condition, and then adds: "The principle as generally stated is qualified by the rule that the owner or occupant of the premises *does not owe to the business invitee the duty* to protect him against dangerous conditions 'that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant.'" It was in the light of the foregoing expressions of this court that an effort was made in McKee v. Patterson, supra, to rationalize the concepts of no duty and voluntary exposure to risk in the landowner-invitee field of the law. It will be noted that the effect of the opinion in McKee v. Patterson, supra, is specifically limited to this field of the law by the opening sentence of the discussion, as follows: "There are two legal theories, wholly aside from the plaintiff's own negligence, for denying liability *in a suit against an owner or occupier of land brought by an invitee for injuries growing out of open and obvious dangers thereon.*" So far as we know or have been able to discover, the no-duty concept of denying liability in a suit by a servant against a master had never been applied before the adoption of the Workmen's Compensation Act, nor has it been applied since. (All italics ours.)

The two fields of law (landowners-invitee and master-servant) are entirely separate, and they should be kept so. While the nature of the duty of the landowner to use reasonable care to make his premises reasonably safe for the use of his invitees may, in all material respects, be identical with the nature of the duty of the master to use reasonable care to provide his servant with a reasonably safe place to work, we see no sound reason for extending the no-duty concept of denying liability from the landowner-invitee field of the law to the master-servant field. Certainly the concept should not be so extended when its extension would serve to defeat and nullify the obvious and clearly expressed intention of the Legislature to take away from the nonsubscribing employer the defense of assumed risk and to make him liable where he created or failed to correct an unsafe condition of the premises on which his servant was compelled to work.

■ By cross point of error respondent complains of a holding by the Court of Civil Appeals that the trial court committed reversible error in refusing to submit petitioner's requested special issues Nos. 12 and 13. He had complained of this holding in his motion for rehearing in the Court of Cvil Appeals, but he filed no application for writ of error in this Court. His brief in this Court, which contains the cross point, was not filed until long after the expiration of the period fixed by Rule 468, Texas

Rules of Civil Procedure, for the filing of applications for writs of error and therefore may not be treated as an application. Our jurisdiction has not, therefore, been invoked to grant him any relief from the judgment of the Court of Civil Appeals. Vanover v. Henwood, 136 Texas 348, 150 S.W. 2d 785, 787.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 4, 1955.