The GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant,

v.

James R. McGEE, Appellee.

No. 16607.

Court of Civil Appeals of Texas.

Dallas.

Nov. 5, 1965.

Rehearing Denied Nov. 26, 1965.

Bailey & Williams, Dallas, for appellant.

Woodruff, Hill, Bader & Kendall, Dallas, for appellee.

DIXON, Chief Justice.

Appellee James R. McGee brought suit against his employer, The Great Atlantic and Pacific Tea Company, appellant for damages because of personal injuries sustained by appellee in the course of his employment on the employer's premises and alleged to have been caused by the employer's negligence.

■ Appellant, though eligible, was not a subscriber to the Workmen's Compensation Act of the State of Texas. Therefore, the defenses of contributory negligence and assumed risk are not available to appellant. Art. 8306, Sections 1 and 4, Vernon's Ann.Civ.St. As employer appellant was obligated to exercise care to provide appellee a reasonably safe place to work. Sears, Roebuck & Co. v. Robinson, 154 Tex. 336, 280 S.W.2d 238.

A jury returned a verdict finding that the failure of appellant to have sawdust or some other absorbent material on the floor of the cutting room at the entrance to the cooling room in the meat market area was negligence and was a proximate cause of the occurrence in question.

Appellee was employed as a meat cutter. One Saturday morning at about 11:20 o'clock he was working alone in the meat market department. At the time of his injury he was carrying three boxes of chickens, weighing one hundred fifty pounds or more. He was leaving the cooling room on his way to the cutting room, where the chickens were to be cut up, packaged and made ready for display in the counter fronting the meat market department. There is a step-down from the cooling room to the cutting room. As he stepped down from the cooling room floor onto the cutting room floor his right foot went out from under him, his left leg went back under him and he fell to the floor, his hip hitting the wall close to the door facing. The three boxes of chickens fell on him. When he arose bloody water was on his hand.

At the time of the accident there was sawdust over the entire floor of the cooling

room except for a small space in front of the doorway leading to the cutting room. There was no sawdust at all on the floor of the cutting room except for a small area around the cutting block and around the saw.

The evidence is undisputed that sawdust does reduce the hazard of slipping and falling in the meat market area where blood, water, suet and other moist substances drip to the floor from the meats. In the cooling room huge parts of beef and other meats hang from a rail which runs across the room. These parts have to be taken from the rack and carried to the cutting block and the saw in the cutting room.

Appellant's ten points on appeal all center around its contention that there was either no evidence or there was insufficient evidence to support the jury's findings of negligence and proximate cause. Therefore, according to appellant it was error for the court to overrule appellant's motion for judgment *non obstante veredicto* and its motion to disregard the jury's answers; and error to render judgment on the jury verdict.

We do not agree with appellant. There is ample evidence to support the jury verdict. It is undisputed that there was no sawdust in the cooling room near the door leading to the cutting room. It is undisputed that there was no sawdust in the cutting room except around the cutting block and the saw, which were some distance from the doorway. It is undisputed that the bare floor areas in both rooms near the connecting doorway were slippery.

In others of appellant's stores in which appellee had worked sawdust had been spread over all parts of both the cooling room and the cutting room. Appellee testified that he was told by the meat department manager that there had been a change of policy in this regard in this particular store on order of the supervisor, and that after the change of policy sawdust was used in the cutting room only around the cutting block and the saw—for one reason, because it was cheaper. The market manager's testimony in substance corroborates appellee.

■ Appellant seeks to invoke the "no duty" doctrine as expounded in the opinion of our Supreme Court in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 378, and in an article entitled "Assumption of Risk" by Justice Greenhill in 28 Texas Bar Journal No. 1 at page 21, January 22, 1965.

That doctrine is not applicable here. It pertains to open and obvious dangers where the question to be decided is the liability of the occupier of premises for injuries to an invitee. In the Halepeska opinion at page 377 the Supreme Court case of Sears, Roebuck & Co. v. Robinson, 154 Tex. 336, 280 S.W.2d 238 is cited. In that case it is expressly held that the "no duty" concept is not applicable in a master-servant situation.

■ Since it was the duty of appellant to provide appellee a reasonably safe place in which to work, and since there was evidence that the use of sawdust was curtailed on order of appellant, we find that there was sufficient evidence to support the jury's verdict of negligence on the part of appellant which negligence was a proximate cause of the injuries sustained by appellee.

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.