**I. H. SWAN et ux., Appellants,**

v.

**The KROGER COMPANY, Appellee.**

**No. 7141.**

Court of Civil Appeals of Texas, Beaumont.

March 26, 1970.

Rehearing Denied April 16, 1970.

William E. Townsley, Beaumont, for appellants.

Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages for personal injuries received by plaintiff when she slipped and fell in defendant's store. At the close of plaintiff's testimony the jury was instructed to find for defendant and judgment was rendered accordingly. The parties will be referred to here as they were in the trial court.

Plaintiff's allegations were in substance, as follows: That she was an invitee while in defendant's store shopping for groceries. That defendant owed her a duty to keep its store and premises reasonably safe. That defendant breached such duty which resulted in plaintiff sustaining certain injuries and damages. That plaintiff slipped and fell and her injuries were proximately caused by various acts, wrongs and omissions on the part of defendant.

The uncontroverted evidence showed: That plaintiff was a 66-year old lady at the time she fell while shopping for groceries in defendant's store. She slipped on a green bean in front of the bean vegetable bin. Plaintiff observed, after her fall, that the beans were stacked high in the bin and were bulging on the front edge. There were four or five beans in front of the bean bin by her feet. Plaintiff stated: She had been shopping in this store for years. She did not see the bean before she stepped on it and did not know how the bean got on the floor. She did not know how long the bean had been on the floor before she stepped on it. She had seen beans on the floor before on other occasions. She had seen customers putting beans in a bag and dropping some on the floor a number of times before. That no other customers were around when she fell and no store employees.

Plaintiff's first point of error is that the evidence raised an issue of fact that the defendant breached its duty in failing to keep its premises in a reasonably safe condition. It is contended the beans were stacked too high with no adequate guard constituting a dangerous condition which defendant failed to remove and of which defendant failed to warn plaintiff. The law in this State is well settled as to the necessary allegations and proof in order to establish liability against the store operator for an injury received from a fall because of a foreign substance upon the floor. The case generally quoted is H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501, 502 (San Antonio Civ.App., 1949, error ref. n. r. e.), in whch it is stated that a plaintiff must show:

"1. That the defendant put the foreign substance upon the floor, or,

"2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

"3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

There is no evidence in this record that defendant put the bean [upon which plaintiff slipped] on the floor or that defendant knew the bean was on the floor, or that the bean had been upon the floor for such a period of time that it would have been discovered and removed by defendant, had the defendant exercised ordinary care. This point of error is overruled.

Plaintiff has a series of points of error contending the trial court erred in granting the instructed verdict because the evidence raised questions of fact for the jury as to the negligence of defendant in displaying the beans too high in the vegetable bin, without an adequate guard, which was the

proximate cause of plaintiff's injuries. This is a somewhat unique approach to an incident, which ordinarily would be considered a simple "slip and fall" case. For example, if an employee of the defendant had dropped the bean in question on the floor, plaintiff would not have to prove negligence on the part of such employee as a part of a cause of action under the Johnson Case, supra. In effect, plaintiff alleged in her petition, a cause of action under the Johnson Case, supra, (breach of duty to keep premises in a reasonably safe condition) and also a cause of action based upon negligence and proximate cause in stacking the beans too high. Plaintiff cites the case: Teer v. J. Weingarten, Inc., 426 S.W.2d 610 (Houston Civ.App., 1968, error ref. n. r. e.) in support of this theory of the case. In the Teer Case, plaintiff alleged negligence on the part of the store operator in the manner of constructing a soft drink display on the floor. The evidence in the Teer Case showed another shopper pushed a cart into the display causing bottles to break and flying glass to injure the plaintiff. The jury found Weingartens negligent, but failed to find proximate cause, and the Court of Civil Appeals reversed and remanded the case because of the definition of proximate cause. We find nothing improper about the manner in which plaintiff has plead her cause of action in the case before us. We proceed to examine the evidence in the record in the light more favorable to plaintiff inasmuch as this is an instructed verdict case. Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256 (1951).

One of the grounds set forth in defendant's motion for instructed verdict is that there was no evidence of any negligence on the part of defendant, or that any negligence on the part of defendant was a proximate cause of plaintiff's injuries. As to the question of proximate cause, we find this evidence: Plaintiff's testimony was as follows: While shopping in defendant's store she stepped on a green bean and fell to the floor. The defendant's produce manager came over to where plaintiff fell, picked up the crushed bean and said: "Yes, this is the bean you stepped on." Plaintiff saw four or five beans on the floor where she fell, and observed the vegetable bin, which was only five or six inches away, was stacked high (from four to fourteen inches) with beans, was slanted and had no guard rail. She did not know how the bean got on the floor as she did not see it before she fell. She did not know how long the bean had been on the floor before she stepped on it. This was a self-service store and customers waited on themselves. Several times before she had seen beans and other objects on the floor. A number of times before this accident, she had seen customers putting beans in a sack and dropping them on the floor. She did not notice any other customers around at the time she fell.

Tommy Saleme, the store manager at the time of trial but not at the time of this incident, testified as follows: The produce manager and produce boy are responsible for checking the floors and putting vegetables in the bins. The beans are kept in a good supply and the more sold the more often the bins are filled. The personnel is instructed to keep the floors clean. The floors are swept in the morning, middle of the day and when the store closes. The customers select their own produce, bag it, and weigh it if they wish. Some of the customers drop or spill produce such as beans on the floor. When a customer gets a bag, opens it up and shoves beans in, some of the beans may fall on the floor. Some customers drop beans while weighing them and adding more to the bag. Sometimes beans fall out of the bag and basket. Sometimes the customer, in selecting the beans, knocks over some beans. This was all of the evidence concerning how this incident happened or could have happened.

Plaintiff cites the Supreme Court Case, Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961) as to the prevailing

law in this State concerning proximate cause. It is stated on page 564:

"The definition embraces at least two distinct concepts, both of which must be present: (1) there must be cause in fact,—a cause which produces an event and without which the events would not have occurred; *and* (2) foreseeability." (Emphasis by Supreme Court.)

It is reasonable to conclude that defendant may have been able to foresee the result which plaintiff alleged, that by stacking the beans too high one would fall or be knocked on the floor. But, we find no evidence that defendant's stacking the beans too high was a cause in fact of this accident. There is nothing in the evidence which indicates the bean upon which plaintiff slipped, was on the floor because of the manner in which defendant stacked the beans. Defendant argues that proximate cause may be proved by circumstantial evidence and cites Miller v. Fleming, 149 Tex. 368, 233 S.W.2d 571 (1950). This rule does not control the case before us. As stated above, plaintiff testified she had seen customers putting beans in a sack on other occasions and dropping them on the floor. The testimony of Tommy Saleme, also stated above, gave four different versions as to how the bean could have gotten on the floor. Plaintiff did not discharge her burden of proving proximate cause in this case. The rule is well stated in Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, 785 (1949), as follows:

" 'The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility. Verdicts must rest upon reasonable certainty of proof. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and the jury can do no more than guess or speculate as to which was, in fact, the efficient cause, the submission of such choice to the jury has been consistently condemned by this court and by other courts.' "

See also East Texas Theatres, Inc. v. Rutledge, 453 S.W.2d 466, (Tex.1970), discussing the "cause in fact element of proximate cause."

Judgment affirmed.

KEITH, J., not sitting.