Ernestine MOORE, Appellant,

v.

J. WEINGARTEN, INC., Appellee.

No. 7695.

Court of Civil Appeals of Texas,
Beaumont.

April 17, 1975.

Rehearing Denied May 22, 1975.

Adams & Browne, Beaumont, for appellant.

Benckenstein & Norvell, Beaumont, for appellee.

KEITH, Justice.

Plaintiff appeals from a take nothing judgment entered after the jury had failed to find the defendant guilty of negligence proximately causing her injuries. Plaintiff sustained an injury in the course of her employment with defendant, a non-subscriber under the Workmen's Compensation Law of Texas. The general rules relating to the rights, duties, and obligations of the parties inter se occupying this relationship were stated recently by us in J. Weingarten, Inc. v. Sandefer, 490 S.W.2d 941, 944 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.), and need not be restated here.

An extensive review of the facts is unnecessary because of the nature of the attack upon the judgment. It is sufficient to state that the plaintiff, an employee at the lunch counter in defendant's supermarket, went into a nearby aisle in furtherance of the business of her employer. She fell when she stepped upon a grape near and adjacent to the produce counter where grapes were displayed for sale. There is no testimony in the record that the defendant placed the grape upon the floor, that it had any knowledge of its presence, or the length of time the grape had been on the floor.[1]

---

1. Plaintiff testified on cross-examination:
"Q. All right, you don't know when this grape was supposed to be on the floor or got there, do you?
"A. No, sir, I don't.
"Q. You have no idea who put it there, do you?
"A. No, sir.

Plaintiff pleaded specific acts of negligence which we summarize in the margin.[2] The jury, answering a "Van Zandt" issue, found that the plaintiff sustained injuries at the time and place alleged.[3] The jury answered "no" to an issue inquiring if defendant "failed to wrap, package, or bag grapes as would have appeared reasonably practical to a person using ordinary care." The jury found that defendant failed "to place reasonably practical covering on the floor of the produce department as would have appeared reasonably practical to a person using ordinary care"; but the proximate cause issue was answered in the negative. The jury findings (or more correctly, non-findings) are not challenged by the plaintiff in this appeal.

Instead, the appeal is confined to two basic complaints: (1) the trial court erred in refusing two requested special issues which we will mention in a moment and (2) the trial court erred in sustaining special exceptions to plaintiff's pleadings which invoked, according to the plaintiff, the doctrine of strict liability in a defective products case. We will treat the contentions in the order stated.

Plaintiff requested, and the trial court refused these issues:

1. Did defendant fail "to exercise such care as an ordinarily prudent person would have exercised to inspect, discover and remove subject grape from the floor?"

2. Was such failure "to inspect, discover and remove said grape . . . a proximate cause of" plaintiff's injuries?

■ At the outset of our discussion, we note that the nature of the duty of the landowner to use reasonable care to make his premises reasonably safe for the use of his invitees is, in all material respects, identical with the nature of the duty of the master to use reasonable care to provide his servant with a reasonably safe place to work. Sears, Roebuck & Company v. Robinson, 154 Tex. 336, 280 S.W.2d 238, 240 (1955). Citing *Robinson,* supra, our Supreme Court reiterated the rule: "An employer's duty is to exercise care to provide the employee with a reasonably safe place to work."[4] Leadon v. Kimbrough Brothers Lumber Company, 484 S.W.2d 567, 568 (Tex.1972).

■ Omitting consideration of the question of whether the requested issues constituted "controlling" issues, it is clear that plaintiff was entitled to a submission of the requested issues only if they were

---

"Q. You have no idea how long it had been there, do you?
"A. I don't."
At another place in her testimony, plaintiff testified that the grape she stepped on was full and round and, in her opinion, had not been stepped on before she fell.

2. Plaintiff alleged that the defendant was negligent in: (1) failing to provide a reasonably safe place to work; (2) failing to have mats or some non-skid substance on the floor so that it would not be slippery when grapes fell thereon; (3) failing to have adequate help to keep the floor clean; (4) failing to "wrap, bag or package bunches of grapes before displaying them on the counter"; (5) failing to have an employee wrap, bag or package bunches of grapes selected by the purchasers; (6) failing to give an adequate warning of the hazard and *likelihood* of grapes being on the floor in the vicinity of the grape display counter; (7) failing to reasonably and adequately inspect

the floor, discover and remove said grape as a reasonably prudent person would have done.

3. Texas & Pacific Railway Company v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528, 530 (1958).

4. We do not encounter the "no duty" concept, so frequently encountered in this type of case, since that doctrine is inapplicable in a master-servant relationship. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 377 (Tex.1963). Similarly, the so-called "assumption of risk" doctrine has been removed from the master-servant area by statute. Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306, § 1, (3), (1967); Halepeska, supra; Great Atlantic & Pacific Tea Company v. McGee, 396 S.W.2d 896, 897 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). See also, Adam Dant Corporation v. Sharpe, 483 S.W.2d 452, 455 (Tex.1972), relating to the owner-invitee relationship.

supported by the "written pleadings and the evidence."[5]  Texas Rules of Civil Procedure, rule 277.  The duty to furnish an employee a safe place to work, in a situation involving a foreign substance upon the floor, is identical with the duty involved in a "slip and fall" case.  *Robinson,* supra.

We have but to substitute "grape" for "bean" to make the facts in this case coincide with those recited by Justice Stephenson in Swan v. Kroger Company, 452 S.W.2d 793 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).  There, this court quoted from the leading case on the subject, H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501, 502 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.), where Justice Norvell set out the three requisites to a plaintiff's recovery in such a case: "1. That the defendant put the foreign substance upon the floor, or, 2.  That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or 3.  That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care."

It would unduly extend this opinion to cite the many cases following *Johnson,* supra.  It is sufficient to say that the rules therein enunciated have been followed consistently by our courts, including this court.  See, e. g., Beard v. Henke & Pillot, Inc., 314 S.W.2d 844 (Tex.Civ.App.—Beaumont 1958, no writ); O'Neal v. J. Weingarten, Inc., 328 S.W.2d 793 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.).

■ A finding of negligence in failing to discover the grape on the floor could be supported only by evidence that it had been there for a sufficient period of time that an inspection, as required by the standard of due care, would have revealed its presence.  As indicated earlier, there is no such evidence in this record.

■ There being no evidence in the record to warrant the submission of the requested issues, it was not error for the trial court to refuse the submission thereof.  This fundamental rule needs no citation of authorities; but, in 57 Tex.Jur.2d, Trial § 453 at 94 (1964), many cases are cited in support thereof.

■ Moreover, as pointed out in Swan v. Kroger, supra, there is no evidence in the record which would have supported the submission of the proximate cause issue.  Causation, consisting of two distinct concepts, cause in fact and foreseeability [Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560, 564 (1961)], each concept must find support in the evidence before the court is required to submit the issue.  *Swan,* supra (452 S.W.2d at 796).  Cause in fact could be raised only by some proof that the grape had been upon the floor for a sufficiently long period of time that the defendant, in the exercise of its duty of making reasonable inspection of its floor, could have discovered and removed it.  We find no evidence in the record supporting the concept of cause in fact.  Point one is overruled.

Plaintiff has a series of points of error complaining of the action of the trial court in sustaining special exceptions to her pleadings tendering the doctrine of products liability as a ground of recovery in this case.[6]

---

5. In *this* case we do not reach the question of whether a simple submission of the negligence issue of failure to furnish a safe place to work followed by a proximate cause issue would have been permissible. See Tex.R.Civ.P. 277; J. Pope and W. Lowerre, "Revised Rule 277—A Better Special Verdict System for Texas," 27 Sw.L.J. 577, 581 (1973); Members Mutual Insurance Company v. Muckelroy, 523 S.W.2d 77 (Tex.Civ.App.—

Houston [1st Dist.], 1975) (not yet reported).

6. Each point reads: "The trial court erred to the prejudice of the plaintiff in ruling that this was not a products liability suit and in striking those portions of the plaintiff's pleading alleging a defective product" upon sustaining a particular exception to a numbered paragraph of her petition.

The reason for the invocation of the doctrine of strict liability in this master-servant case is frankly stated by plaintiff:

"Under the theory of strict liability the Plaintiff was not under a burden to prove negligence on the part of the Defendant, but rather that there was a defect in Defendant's product which made it unreasonably dangerous to the user, consumer or bystander and that such defect was a producing cause of Plaintiff's injury."

In pointing to the record which plaintiff says would support the doctrine, counsel says:

"The testimony is abundant that under the conditions, in which the Defendant was selling its product the *failure to package* created an unreasonable danger to consumers and bystanders.

\*    \*    \*    \*    \*    \*

"In this case the Defendant's product was defective and unreasonably dangerous within the framework of the strict liability doctrine by reason of inadequate packaging." (emphasis supplied)[7]

Neither party cites us to a single case in any jurisdiction which has held that a fresh edible grape, even on the floor of a busy supermarket, constituted a defective product which was unreasonably dangerous. Plaintiff's citations, mentioned in the margin, are all well-recognized cases which govern products within the established parameters of the doctrine;[8] but, we do not find them either persuasive or pertinent to the case under consideration.

The very statute which plaintiff invoked in bringing her suit, Tex.Rev.Civ.Stat.Ann. art. 8306, Sec. 1, subdiv. 4 (1967), required a showing of negligence, the subdivision reading:

"In all such actions against an employer who is not a subscriber, as defined hereafter in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment."

■ Our courts have consistently held that a plaintiff proceeding under the quoted statute labors under the duty of proving that negligence on the part of his employer proximately caused his injury. See, e. g., Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977, 978 (1947); Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365, 366 (1948); J. Weingarten, Inc. v. Sandefer, supra (490 S.W.2d at 944).

■ By urging the applicability of the doctrine of strict liability because of a defective product, plaintiff seeks, of course, to escape her burden of proving negligence. We need not decide in this case whether the doctrine of strict liability can ever be invoked when the relationship of master and servant exists and the suit proceeds under the statute quoted earlier. It is sufficient to state that we do not find that the single edible grape involved in this case was a defective product under Dean Keeton's concepts as set out in Technical Chemical Company v. Jacobs, 480 S.W.2d

---

7. Special Issue No. 1 submitted an issue on failure to package the grapes. The jury answered "no" to an issue inquiring if defendant "failed to wrap, package, or bag grapes as would have appeared reasonably practical *to a person using ordinary care.*" This was a submission of her negligence theory.

8. Plaintiff relies upon the following authorities which are cited in this order: McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.1967); Restatement (Second) Torts 2d § 402A (1965); Darryl v. Ford Motor Company, 440 S.W.2d 630 (Tex.1969); Shamrock Fuel & Oil Sales Co. v. Tunks, 416 S. W.2d 779 (Tex.1967); Prosser, Torts, § 100, p. 663 (4th Ed. 1971); C. A. Hoover and Son v. O. M. Franklin Serum Co., 444 S.W.2d 596 (Tex.1969); Technical Chemical Company v. Jacobs, 480 S.W.2d 602 (Tex. 1972); Ross v. Up-Right, Inc., 402 F.2d 943 (5th Cir. 1968); Helene Curtis Industries, Inc. v. Pruitt, 385 F.2d 841 (5th Cir. 1967).

602, 605 (Tex.1972). We find no error on the part of the trial court in striking plaintiff's allegations relating to products liability and all of plaintiff's points attacking such action are overruled.

Affirmed.

STEPHENSON, Justice (concurring).

I concur in the result reached in the majority opinion, as well as each and every pronouncement of law. However, in connection with that portion of the case pertaining to products liability, I would go one step further. I would hold that the doctrine of strict liability cannot be invoked in an action brought under Tex. Rev.Civ.Stat.Ann. art. 8306, section 1, subdivision 4 (1967). As quoted in the majority opinion, it is plainly stated that:

> "[I]t shall be necessary to a recovery for the plaintiff to prove negligence . . . ."

Unless the legislature amends this statute, I would require a plaintiff to allege and prove negligence in order to recover.