**Aurelia Rodriguez VILLARREAL, Appellant,**

v.

**M. G. & JOHNNYE D. PERRY FOUNDATION et al., Appellees.**

**No. 1192.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

Rehearing Denied Oct. 13, 1977.

Guy Leland Watts, Corpus Christi, for appellant.

Ronald B. Brin, Maddin, White, Brin, Inc., Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a suit for damages arising from the death of Felipe Villarreal. Aurelia Rodriguez Villarreal, the wife of the deceased, brought suit against the Perry Foundation, a farming concern, and others alleging negligence in burning off some matted grass and that such negligence was a proximate cause of Felipe Villarreal's death. The trial court granted the defendant's motion for an instructed verdict on the basis that there was no evidence of probative value that any act or omission pled as negligence was a proximate cause of the death of Felipe Villarreal.

The facts of this case are not substantially in dispute. The deceased and several other farm laborers were chopping cotton April 29, 1975, at the Harper Farm's cotton fields adjacent to a Perry Foundation hay field. Keith Johnson and Wayne Taylor under the instructions of Fred Hoff and under the supervision of Thomas Preistly, all of whom were employees of the Perry Foundation, set fire to a hay field to remove matted grass. After the "burn off" was started the wind shifted and increased causing the fire to turn towards the area where the deceased had been working. Very soon thereafter smoke enveloped the area. A tractor was located on a dirt roadway between the cotton field and the "burn off" area. Fearing that the tractor would be damaged by the fire, Felipe jogged 200 yards to the tractor through smoke from the fire, picked up some lunch pails and water containers, and drove the air conditioned tractor from the danger zone. A short time later, on the same day, Felipe suffered a coronary thrombosis (heart attack) and died.

The plaintiff alleged that the following acts or omissions were negligence on the part of the defendants:

(1) In failing to warn or cause to be warned Felipe Villarreal and/or other workers in the adjacent cotton field of intentions to "burn off" coastal grass from the involved hay field;

(2) In failing to advise or cause to be advised prior to starting the "burn off" Felipe Villarreal and/or other workers in the adjacent cotton field to move the involved tractor;

(3) In failing to obtain or cause to be obtained a prescription or guidelines before starting the fire from the Soil Conservation Service of the U. S. Department of Agriculture, Texas Air Pollution Control Program, Texas A & M University Agricultural Research and Extension Center, Range and Wild Life Department of Texas Tech University and/or the Welder Foundation;

(4) In failing to obtain or cause to be obtained a complete and appropriate weather report from the National Weather Service;

(5) In failing to construct or burn or cause to be constructed or burned a fireguard (backfire) on the end opposite the wind direction;

(6) In failing to have present, or cause to have present, during the burning two water sprayrigs;

(7) In burning or cause to have burned a hay field while the grass was in a dry, dense, matted and/or dead condition; and,

(8) In failing to conduct or cause to have conducted the "burn off" process in early morning or late afternoon.

At the conclusion of the plaintiff's evidence, the defendant filed a motion for instructed verdict alleging that as a matter of law none of the acts of the defendant could be a proximate cause of the plaintiff's death and no act or omission of the defendant had been proven to be a proximate cause of the plaintiff's death. The trial court granted the motion on the basis that the plaintiff had failed to prove that any of the acts or omissions alleged as negligence was a proximate cause of plaintiff's death.

The sole question before this Court, therefore, is directed to the trial court's instructed verdict for the defendant. The appellant contends there was sufficient evidence as to proximate cause requiring submission of issues to the jury. Proper determination of this question requires acceptance of the evidence and inferences therefrom in their aspect most favorable to the appellant's cause and to disregard all contrary evidence and inferences. *Triangle Motors of Dallas v. Richmond,* 152 Tex. 354, 258 S.W.2d 60 (1953); *McKethan v. McKethan,* 477 S.W.2d 357 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.).

After our applying these rules to facts presented, it is clear to us that the appellant raised fact issues as to alleged acts of negligence. These issues are not, however, before us. The appellees do not contend that there was no negligence. The main question before us is whether there is any evidence to support submission of an issue on proximate cause. We do not believe that there is.

The Supreme Court has stated the proof necessary to establish causal connection must go beyond "the point of conjecture . . . it must show more than a possibility." *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779, 785 (1949). *Insurance Company of North America v. Myers,* 411 S.W.2d 710 (Tex.Sup.1966); *Garcia v. Clifford Jackson Funeral Homes,* 526 S.W.2d 750 (Tex. Civ.App.—Corpus Christi, 1975, no writ) also hold to the same effect. Thus, in *Myers,* the doctor's testimony concerning causation that it was only a possibility that the injury which was incurred caused the death, not that it was or was not a reasonable medical probability, was held to be insufficient proof of causation.

In the present case, the only evidence introduced about causation was that of Dr. Stone and Dr. Rupp. Immediately following his heart attack Felipe was taken to Dr. Stone's office in Robstown, Texas. The doctor, when questioned as to the cause of Felipe's death, stated that he assumed death was caused by an acute heart attack. He further testified that running and driving some four minutes engulfed in smoke would be a "precipitating factor" of the heart attack. On cross examination, however, Dr. Stone explained that what he meant by a "precipitating factor" was a possibility that it caused the heart attack. He also testified on cross examination that it was equally possible that Felipe would have had the heart attack if he had continued chopping cotton that day.

Dr. Joseph Rupp, the forensic pathologist who did the autopsy on Villarreal, was also called to testify as to causation. Dr. Rupp testified that Felipe had several diseased arteries and that he died of a coronary thrombosis. As to cause, he testified that there existed two equal possibilities: one, running and driving for four minutes in smoke; two, chopping cotton. The doctor further testified that "precipitating factor" when used medically does not mean that but for the event the heart attack would not have occurred.

 It is the general rule that where the evidence develops more than one equally probable cause, for one or more of which the defendant is not responsible, the plaintiff has failed to sustain his burden of proof as to causation. *Hart v. Van Zandt,* 399 S.W.2d 791 (Tex.Sup.1965); *Bowles v. Bourdon,* supra; *Swan v. Kroger Company,* 452 S.W.2d 793 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). The evidence at its best does not even show two *probable* causes, rather it shows only two equally *possible* causes of Felipe's heart attack. This clearly does not meet the requirements for proof of causation as set out above.

The judgment of the trial court is affirmed.