**MARTIN THEATRES OF TEXAS, INC., Appellant,**

v.

**Betty PURYEAR, Appellee.**

**No. 8681.**

Court of Appeals of Texas, Beaumont.

April 8, 1982.

John T. Russell, II, Beaumont, for appellant.

James S. Fuller, Port Arthur, for appellee.

CLAYTON, Justice.

Appellee, Betty Puryear, filed this action against appellant, Martin Theatres of Texas, Inc., seeking damages for personal injuries arising from her fall in appellant's theatre. Trial was to a jury, and, based upon the verdict, judgment was entered for appellee for the sum of $38,500, from which judgment this appeal has been perfected.

This is a slip and fall case. The record reveals that Puryear, while a patron of the theatre, slipped and fell on a foreign substance, thereby injuring herself. The testimony of Puryear and Mrs. Geri Morvant, the theatre manager, shows that the two aisles running from the back to the front of the theatre are carpeted. The aisles are slanted downward toward the screen. Where the carpeting reaches the front row of seats, the carpeting ends, and the surface from such point to the exit door is concrete which was painted, with no other covering thereon.

Puryear testified that at the end of the movie she proceeded down the aisle of the theatre, toward the screen, in order to leave the theatre by way of one of the exits near the screen. She slipped and fell when she stepped from the carpet to the concrete surface; Puryear testified that she did not know what she slipped on; the floor where she slipped was slick; the substance upon which she slipped had no feeling to it other than being slick; the substance looked wet; she did not know if the substance had any smell to it; she did not know how the substance "got on the floor"; she did not know how long the substance had been on the floor; she did not know who put the substance on the floor.

The only other testimony with reference to the condition of the floor was given by Mrs. Morvant. She testified that "we" have a maid that comes in daily in the mornings and "does the cleanup work." The "housekeeping" functions consisted of "[p]icking up all the cups and wrappers and what have you off the floor, sweeping, mopping, and vacuuming the carpets. . . . The concrete area that's under the seats and down in the front where we are talking about would be mopped daily." She agrees that "people spill things on the floor"; and that soft drinks "would be spilled on the floor and those things like all other liquids have a tendency to run down hill.

Appellant filed its motions for instructed verdict and for judgment notwithstanding the verdict. Both of these motions were overruled by the trial court.

Appellant's first three points of error complain of the trial court's overruling its motion for instructed verdict and the motion for judgment non obstante verdicto because of the legal insufficiency of the evidence to show that appellant was negli-

gent in inspecting and/or maintaining the floor, and the legal insufficiency of the evidence to support the "submission of and finding on Special Issue No. 1."

Appellee alleged negligence on the part of appellant in "inspecting and/or maintaining said premises," but Special Issue No. 1, as submitted to the jury, inquired of the jury if appellant "failed to exercise ordinary care to keep the premises in question reasonably safe. . . ."

█ It is well settled in this State that in such a case as this it is incumbent upon the plaintiff to establish (1) that defendant placed the foreign substance on the floor and negligently failed to remove it, or (2) that the defendant knew it was on the floor and negligently failed to remove it, or (3) that it had been on the floor for such period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. *Robledo v. Kroger Company,* 597 S.W.2d 560 (Tex.Civ.App.—Eastland 1980, writ ref'd n. r. e.); *Moore v. J. Weingarten, Inc.,* 523 S.W.2d 445 (Tex.Civ. App.—Beaumont 1975, writ ref'd n. r. e.); *Great Atlantic & Pacific Tea Company v. Giles,* 354 S.W.2d 410 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); *H. E. Butt Grocery Co. v. Johnson,* 226 S.W.2d 501, 502 (Tex. Civ.App.—San Antonio 1949, writ ref'd n. r. e.).

Appellee admits that the evidence in this case is not sufficient to establish any one of the three elements or grounds as set forth by the authorities cited above. Appellee argues, however, that when a business invitee has shown that circumstances were such as to create the reasonable probability that a dangerous condition would occur, the invitee need not also prove that the business proprietor had actual or constructive notice of a specific dangerous condition in order to show that the proprietor breached his duty of care to the invitee.

Appellee argues that "the defendant had prior knowledge that because of its manner of operation and of the construction of the building, and that patrons of the theatre were likely to spill liquid substances on the floor which would run down to the area where plaintiff fell and cause that area to become slippery; and that with such knowledge and having taken no precautionary measures to protect against such an accident, the defendant was negligent . . ." and as authority therefor cites *Bozza v. Vornado, Inc.,* 42 N.J. 355, 200 A.2d 777 (1964), and several out of state cases. Appellee admits that no Texas case has been decided adopting the rule of law she contends applies to this case.

█ In seeking to predicate recovery on a failure to inspect, as appellee does in this case, she is relegated to the third ground of negligence enumerated above. It is well settled that the duty of the occupier of premises to business invitees includes the duty to protect the invitees from dangers of which the occupier should know in the exercise of ordinary care, growing out of the latter's duty to inspect. *Halepeska v. Callihan Interests, Inc.,* 371 S.W.2d 368, 378 (Tex.1963).

█ An indispensable element of the third ground stated above, however, is that the substance had been on the floor for such a period of time that ordinary care in making an inspection would have resulted in its discovery. *H. E. Butt Grocery Company v. Russell,* 391 S.W.2d 571 (Tex.Civ.App.— Waco 1965, writ ref'd n. r. e.). This has long been the established rule in this State. Appellee admits this element has not been established by the evidence. Moreover, there is no pleading, proof or findings of any structural defect or design that the condition of the floor constituted a dangerous condition, or that any particular type of floor covering would have prevented appellee's fall. There has been no evidence of any negligence by the theatre under the applicable rules of law in this State.

The trial court's judgment is reversed, and we render judgment that appellee take nothing. Costs of this appeal are assessed against appellee.

REVERSED and RENDERED.