Tracey Dawn **ALLEN, Appellant,**

v.

**Traci CONNOLLY d/b/a Traci Connolly Insurance, Appellee.**

No. 14–03–00622–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 27, 2005.

David W. Showalter, Mark D. Wilson, Rodney James Miles, Bellaire, Jeffrey A. Hirt, Houston, for appellant.

Jack McKinley, John Engvall Jr., Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FROST and GUZMAN.

1. Connolly cited Cerf as a responsible third party and secured a default judgment against

## OPINION

KEM THOMPSON FROST, Justice.

In this summary-judgment case we address whether there was a foreseeable risk of harm giving rise to a duty by an employer to protect employees from the criminal acts of third parties. The employee, appellant/plaintiff Tracy Dawn Allen, challenges the trial court's summary judgment in favor of her former employer, appellee/defendant Traci Connolly d/b/a Traci Connolly Insurance. Finding no foreseeable risk of harm that a violent criminal act might occur against the employee, we affirm the trial court's judgment in favor of the employer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tracy Dawn Allen worked for Traci Connolly d/b/a Traci Connolly Insurance, a State Farm insurance agency operating in the greater Houston area and located on leased premises in a suburb of Houston. While at work during regular business hours, Allen was robbed and sexually assaulted by an armed assailant. Myeong-Ja Jeong, the owner of a nearby Texaco gas station and a customer of Connolly's insurance business, and Allen's co-worker, Christine Howell, were also on the premises at the time of the robbery and sexual assault. Both Jeong and Howell also were robbed at gunpoint during this criminal episode. The assailant, Clarence Cerf, was apprehended, charged, and convicted of aggravated robbery and aggravated sexual assault. He was sentenced to thirty-five years' confinement and is currently incarcerated.[1]

Allen brought a negligence action

him for liability in this case.

against Connolly,[2] seeking to recover damages for physical injuries, mental anguish, and past and future medical expenses she claims to have suffered as a result of the assault. Allen alleged Connolly failed to provide a safe work place for employees.

Connolly had purchased and installed an office security system as part of the start-up equipment she obtained from State Farm Insurance. The security system was equipped with a silent alarm feature that could be triggered by pressing panic buttons installed under certain desks and in the office copy room. Allen alleged Connolly failed to train employees in the proper use of the panic buttons and failed to implement proper safety procedures in the work place. Allen alleged that during the criminal episode, she had opportunities to press the panic buttons but did not do so because she did not know where all of the buttons were located and because she feared the alarm would sound and jeopardize her life or the lives of others. Allen alleged that, had Connolly provided proper instruction in the operation and location of the panic buttons, Allen would have known where they were located and would have been aware that the alarm would send only a silent signal. Allen alleges she thus would have been able to summon law enforcement, who would have responded to the silent alarm in a matter of minutes and prevented the sexual assault.

Connolly filed a no-evidence summary judgment motion. Relying on *Timberwalk Apartments, Partners, Inc. v. Cain,* 972 S.W.2d 749, 756 (Tex.1998), Connolly asserted that there is no evidence that she owed a duty to Allen because there is no evidence that other crimes of a similar nature had occurred at the location of the assault or in its immediate vicinity. The

trial court granted the motion and signed a judgment in favor of Connolly.

## II. ISSUE PRESENTED

In a single issue, Allen asserts the trial court erred in granting summary judgment because (1) as Allen's employer, Connolly owed Allen a non-delegable duty to provide a safe place to work; (2) there was evidence to demonstrate that Connolly was negligent and that this negligence was a proximate cause of Allen's injuries; (3) the sexual assault was not only foreseeable but actually foreseen by Connolly; and (4) there was evidence of prior criminal activity at and near the business premises where the assault occurred.

## III. STANDARD OF REVIEW

In reviewing a no-evidence motion for summary judgment, we ascertain whether the non-movant produced any evidence of probative force to raise a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Dolcefino v. Randolph,* 19 S.W.3d 906, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). We take as true all evidence favorable to the non-movant, and we make all reasonable inferences therefrom in the non-movant's favor. *Id.* A no-evidence motion for summary judgment must be granted if the party opposing the motion does not respond with competent summary-judgment evidence that raises a genuine issue of material fact. *Id.* at 917.

## IV. ANALYSIS

In a typical negligence case, a plaintiff will prevail only if she can establish that the defendant owed her a duty of care that was breached as a result of the

---

**2.** Allen also sued several State Farm Insurance entities. After the trial court granted Connolly's motion for summary judgment, Allen non-suited her claims against the State Farm defendants, making the summary judgment in favor of Connolly final.

defendant's acts or omissions and that the type of harm that resulted from those acts or omissions was caused by and reasonably foreseeable by the defendant. Allen's appellate arguments center on foreseeability and the existence of a legal duty, if any. Allen argues that her claim is based upon Connolly's failure to provide a safe work place and asserts that evidence of prior criminal conduct at or near the premises is not an element of that claim. As explained below, we conclude that the risk of criminal violence against employees, in a small office open to the public, is virtually identical to the risk of criminal violence there against invitees. Likewise, we conclude an employer's duty to use reasonable care to provide a reasonably safe place to work is, with respect to the risk of violent crime, based upon the same considerations that determine whether a premises occupier must protect invitees against the same risk. Thus, we analyze this issue under *Timberwalk.*

### Employers' Negligence Duty to Protect Employees from Third–Party Criminal Acts

 Employers are not insurers of their employees' safety at work; however, employers have a duty to use reasonable care to provide their employees with a reasonably safe place to work. *See Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex.1996) (stating that employers are not insurers of their employees' safety at work but do have a duty to use ordinary care to provide a safe work place); *Sears, Roebuck & Co. v. Robinson,* 154 Tex. 336, 280 S.W.2d 238, 240 (1955) (stating an employer has a duty "to use reasonable care to provide his [employees] with a reasonably safe place to work"). Generally, a person has no legal duty to protect another from the criminal acts of a third person. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). However, in the context of a premises liability case,

one who controls the premises has a duty to use ordinary care to protect invitees from criminal acts of third parties if she knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitees. *Timberwalk,* 972 S.W.2d at 756. The duty does not arise in the absence of a foreseeable risk of harm. *Id.* at 756–59.

Connolly argued successfully in the trial court that no foreseeable risk of harm existed, and thus, under *Timberwalk,* she owed no duty to Allen. In response to Connolly's summary-judgment motion and on appeal, Allen argues that the standard announced in *Timberwalk* does not apply because it involves the landlord-tenant relationship and not the employer-employee relationship. However, nothing in *Timberwalk* indicates that it is limited to the landlord-tenant context. Indeed, the Texas Supreme Court in *Timberwalk* confirmed that the duty owed by the controller of the premises, if any, is owed to invitees. It has long been the law in Texas that employees of an owner or occupier of premises are considered invitees of the employer. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 197 (Tex.1963). Although premises liability and employers' liability are distinct fields of law, the Texas Supreme Court has noted that "the nature of the duty of the landowner to use reasonable care to make his premises reasonably safe for the use of his invitees may, in all material respects, be identical with the nature of the duty of the master to use reasonable care to provide his servant with a reasonably safe place to work...." *Sears, Roebuck & Co.,* 280 S.W.2d at 240 (observing that a landowner's negligence duty towards its invitees may be the same as an employer's negligence duty to provide a safe place to work, but holding that a line of no-duty premises-liability cases should not be extended to the employers'

liability context because the Texas Supreme Court believed that such an extension would be contrary to the Texas Legislature's intent, as expressed in the Workers' Compensation Act, to take away affirmative defenses from nonsubscribing employers).

Allen asserts that *Timberwalk* does not apply because she is alleging a breach of Connolly's negligence duty to provide a safe work place to her employees. We have found no Texas case that addresses whether *Timberwalk* applies to an employee's claims against a nonsubscribing employer for alleged negligence in failing to protect the employee against the criminal acts of third parties. We note, however, that the incidence of violent crime in the area, the foreseeability (if any) of violent crime against employees and customers at Connolly's place of business, and the preventative measures Connolly could or did implement in view of the risk of such crime were the same for Connolly in her capacity as employer as they were for Connolly in her capacity as premises occupier. In the context of this case, we find no sound basis to treat Connolly's duty, as an employer, to exercise reasonable care to provide Allen with a reasonably safe place to work differently from Connolly's duty, as premises occupier, to use ordinary care to protect invitees from criminal acts of third parties if Connolly knew or had reason to know of an unreasonable and foreseeable risk of harm to invitees. *See id.* We conclude that, because Allen asserts that Connolly breached her negligence duty as employer by failing to exercise reasonable care to protect Allen from third-party criminal acts, the *Timberwalk* analysis applies to determine whether Connolly owed a negligence duty to Allen under the facts of this case.

### Foreseeability of Harm

In the alternative, Allen also argues that if *Timberwalk* does apply, the criminal act in this case was foreseeable, giving rise to a duty owed to her by Connolly. "Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable." *Walker*, 924 S.W.2d at 377. "When general danger to invitees is the risk of injury from criminal activity by third parties, the evidence must reveal specific previous crimes on or near the premises in order to establish foreseeability of harm." *Timberwalk*, 972 S.W.2d at 756. Our supreme court has explained that "criminal conduct of a specific nature at a particular location is never foreseeable merely because crime is increasingly random and violent and may possibly occur almost anywhere, especially in a large city." *Id.* A negligence duty as to third-party criminal conduct exists only when the risk of criminal conduct is so great that it is both unreasonable and foreseeable. *Id.* Foreseeability is not determined with hindsight but rather in light of what Connolly knew or should have known before the criminal act occurred. *See id.* at 757. In determining whether Connolly should have foreseen the occurrence of the aggravated robbery and aggravated sexual assault in question, we consider whether any criminal conduct previously occurred, how often it occurred, how similar the conduct was to the conduct on the property, and what publicity was given the occurrences to indicate that Connolly knew or should have known about them. *See id.* "These factors—proximity, recency, frequency, similarity, and publicity—must be considered together in determining whether criminal conduct was foreseeable." *Id.* In this case, the evidence demonstrates that Connolly and her other employees were unaware of any prior criminal activity of a similar nature occurring on or near Con-

nolly's business premises. The owner of a gas station on the same block was aware of some incidents of shoplifting, and Allen points to crime statistics that indicate some criminal activity in the area. Additionally, Allen argues that Connolly's act of installing an alarm system itself indicates Connolly's awareness that crimes were occurring in the area.

Allen's evidence and arguments are unpersuasive. Only one of the prior criminal acts, an assault that occurred at the nearby gas station, is possibly comparable to the violent act committed by Cerf against Allen; however, the record is devoid of any evidence indicating the nature or severity of that assault or whether it was similar to the assault against Allen. Moreover, before the aggravated sexual assault on Allen, the assault at the gas station appears to have been an isolated incident. The evidence Allen produced does not indicate the kind of rampant, obvious, and violent criminal activity that would put Connolly on notice that her place of business was located in a dangerous area. Allen's argument that the mere existence of crime in the vicinity is proof of foreseeability is not legally sound. *See id.* at 756. Looking to the factors of proximity, recency, frequency, similarity, and publicity, the summary-judgment evidence must show that Connolly knew or had reason to know of similar crimes in the vicinity. *See id.* at 757. Applying this standard, Allen's summary-judgment evidence of some criminal activity in the vicinity fails to establish foreseeability. *See id.* at 756; *Walker*, 924 S.W.2d at 377–78.

Allen's argument that Connolly's mere installation of a security and alarm system itself proves foreseeability is also unavailing. Installing an alarm system is not proof *per se* that Connolly was aware of any crimes occurring in the area. Connolly's motivation for installing the security system is unclear, although arguably, she acted to prevent the possibility of future criminal acts. The mere act of taking preventative measures to protect against the possibility of future crime is not the same as foreseeing that criminal activity. We do not equate Connolly's installation of a security system and the minimal criminal activity at or near her business premises with proof of foreseeability of aggravated robbery and aggravated sexual assault of Connolly's employees. To hold otherwise would virtually eliminate the foreseeability requirement for a negligence claim against a person who installs a security system or takes other preventative measures to guard against crime.

The evidence in this case does not show that Connolly had any reason to foresee that a violent criminal act might occur on her business premises and injure one of her employees. Because the aggravated sexual assault on Allen was unforeseeable, Allen's negligence claim against Connolly fails.

## V. CONCLUSION

We find no merit in Allen's appellate arguments and no error in the trial court's summary judgment in favor of Connolly. Accordingly, we overrule Allen's sole issue on appeal and affirm the trial court's judgment.