Affirmed and Opinion filed January 27, 2005









Affirmed and Opinion filed
January 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00622-CV

____________

 

TRACEY DAWN ALLEN, Appellant

 

V.

 

TRACI CONNOLLY D/B/A TRACI CONNOLLY INSURANCE, Appellee

_________________________________________________________________

 

On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 02-30695

__________________________________________________________________

 

O P I N I
O N








In this summary-judgment case we
address whether there was a foreseeable risk of harm giving rise to a duty by
an employer to protect employees from the criminal acts of third parties.  The employee, appellant/plaintiff Tracy Dawn
Allen, challenges the trial court=s summary
judgment in favor of her former employer, appellee/defendant Traci Connolly
d/b/a Traci Connolly Insurance.  Finding
no foreseeable risk of harm that a violent criminal act might occur against the
employee, we affirm the trial court=s
judgment in favor of the employer.

I.  Factual and Procedural
Background

Tracy Dawn Allen worked for Traci Connolly d/b/a Traci
Connolly Insurance, a State Farm insurance agency operating in the greater
Houston area and located on leased premises in a suburb of Houston.  While at work during regular business hours,
Allen was robbed and sexually assaulted by an armed assailant.  Myeong-Ja Jeong, the owner of a nearby Texaco
gas station and a customer of Connolly=s insurance business, and Allen=s co-worker, Christine Howell, were
also on the premises at the time of the robbery and sexual assault.  Both Jeong and Howell also were robbed at
gunpoint during this criminal episode. 
The assailant, Clarence Cerf, was apprehended, charged, and convicted of
aggravated robbery and aggravated sexual assault.  He was sentenced to thirty-five years= confinement and is currently
incarcerated.[1]


Allen brought a negligence action against Connolly,[2]
seeking to recover damages for physical injuries, mental anguish, and past and
future medical expenses she claims to have suffered as a result of the
assault.  Allen alleged Connolly failed
to provide a safe work place for employees. 








Connolly had purchased and installed an office security
system as part of the start-up equipment she obtained from State Farm
Insurance.  The security system was
equipped with a silent alarm feature that could be triggered by pressing panic
buttons installed under certain desks and in the office copy room.  Allen alleged Connolly failed to train
employees in the proper use of the panic buttons and failed to implement proper
safety procedures in the work place. 
Allen alleged that during the criminal episode, she had opportunities to
press the panic buttons but did not do so because she did not know where all of
the buttons were located and because she feared the alarm would sound and
jeopardize her life or the lives of others. 
Allen alleged that, had Connolly provided proper instruction in the
operation and location of the panic buttons, Allen would have known where they
were located and would have been aware that the alarm would send only a silent
signal.  Allen alleges she thus would
have been able to summon law enforcement, who would have responded to the
silent alarm in a matter of minutes and prevented the sexual assault. 

Connolly filed a no-evidence summary judgment motion.  Relying on Timberwalk Apartments,
Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998), Connolly
asserted  that there is no evidence that
she owed a duty to Allen because there is no evidence that other crimes of a
similar nature had occurred at the location of the assault or in its immediate
vicinity.  The trial court granted the
motion and signed a judgment in favor of Connolly.

II.  Issue Presented

In a single issue, Allen asserts the trial court erred in
granting summary judgment because (1) as Allen=s employer, Connolly owed Allen a
non-delegable duty to provide a safe place to work; (2) there was evidence to
demonstrate that Connolly was negligent and that this negligence was a
proximate cause of Allen=s injuries; (3) the sexual assault was not only foreseeable
but actually foreseen by Connolly; and (4) there was evidence of prior criminal
activity at and near the business premises where the assault occurred.  

III.  Standard of Review








In reviewing a
no-evidence motion for summary judgment, we ascertain whether the
non-movant produced any evidence of probative force to raise a genuine issue of
fact as to the essential elements attacked in the no-evidence motion.  Dolcefino v. Randolph, 19 S.W.3d 906,
916 (Tex.
App.CHouston [14th Dist.] 2000, pet.
denied).  We take as true all evidence
favorable to the non-movant, and we make all reasonable inferences therefrom in
the non-movant=s favor.  Id. 
A
no-evidence motion for summary judgment must be granted if the party opposing
the motion does not respond with competent summary-judgment evidence that
raises a genuine issue of material fact. 
Id. at 917.  

IV.  Analysis

In a typical negligence case, a plaintiff will prevail
only if she can establish that the defendant owed her a duty of care that was
breached as a result of the defendant=s acts or omissions and that the type
of harm that resulted from those acts or omissions was caused by and reasonably
foreseeable by the defendant.  Allen=s appellate arguments center on
foreseeability and the existence of a legal duty, if any.  Allen argues that her claim is based upon
Connolly=s failure to provide a safe work place and asserts that
evidence of prior criminal conduct at or near the premises is not an element of
that claim.  As explained below, we
conclude that the risk of criminal violence against employees, in a small
office open to the public, is virtually identical to the risk of criminal
violence there against invitees. Likewise, we conclude an employer=s duty to use reasonable care to
provide a reasonably safe place to work is, with respect to the risk of violent
crime, based upon the same considerations that determine whether a premises
occupier must protect invitees against the same risk.  Thus, we analyze this issue under Timberwalk.

Employers= Negligence Duty to Protect Employees from
Third-Party Criminal Acts 

 








Employers are not insurers of their employees= safety at work; however, employers
have a duty to use reasonable care to provide their employees with a reasonably
safe place to work.  See Leitch v.
Hornsby, 935 S.W.2d 114, 117 (Tex. 1996) (stating that employers are not
insurers of their employees= safety at work but do have a duty to
use ordinary care to provide a safe work place); Sears, Roebuck & Co. v.
Robinson, 280 S.W.2d 238, 240 (Tex. 1955) (stating an employer has a duty Ato use reasonable care to provide his
[employees] with a reasonably safe place to work@). 
Generally, a person has no legal duty to protect another from the
criminal acts of a third person.  Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). However, in the context
of a premises liability case, one who controls the premises has a duty to use
ordinary care to protect invitees from criminal acts of third parties if she
knows or has reason to know of an unreasonable and foreseeable risk of harm to
the invitees.  Timberwalk, 972
S.W.2d at 756.  The duty does not arise
in the absence of a foreseeable risk of harm. 
Id. at 756B59. 








Connolly argued successfully in the trial court that no
foreseeable risk of harm existed, and thus, under Timberwalk, she owed
no duty to Allen.  In response to
Connolly=s summary-judgment motion and on appeal, Allen argues that
the standard announced in Timberwalk does not apply because it involves
the landlord-tenant relationship and not the employer-employee
relationship.  However, nothing in Timberwalk
indicates that it is limited to the landlord-tenant context.  Indeed, the Texas Supreme Court in Timberwalk
confirmed that the duty owed by the controller of the premises, if any, is owed
to invitees.  It has long been the law in
Texas that employees of an owner or occupier of premises are considered
invitees of the employer.  Hernandez
v. Heldenfels, 374 S.W.2d 196, 197 (Tex. 1963).  Although premises liability and employers= liability are distinct fields of
law, the Texas Supreme Court has noted that Athe nature of the duty of the
landowner to use reasonable care to make his premises reasonably safe for the
use of his invitees may, in all material respects, be identical with the nature
of the duty of the master to use reasonable care to provide his servant with a
reasonably safe place to work . . . .@ 
Sears, Roebuck & Co., 280 S.W.2d at 240 (observing that a
landowner=s negligence duty towards its invitees may be the same as
an employer=s negligence duty to provide a safe place to work, but
holding that a line of no-duty premises-liability cases should not be extended
to the employers= liability context because the Texas Supreme Court
believed that such an extension would be contrary to the Texas Legislature=s intent, as expressed in the Workers= Compensation Act, to take away
affirmative defenses from nonsubscribing employers).

Allen asserts that Timberwalk does not apply
because she is alleging a breach of Connolly=s negligence duty to provide a safe
work place to her employees.  We have
found no Texas case that addresses whether Timberwalk applies to an
employee=s claims against a nonsubscribing employer for alleged
negligence in failing to protect the employee against the criminal acts of
third parties.  We note, however, that
the incidence of violent crime in the area, the foreseeability (if any) of
violent crime against employees and customers at Connolly=s place of business, and the
preventative measures Connolly could or did implement in view of the risk of
such crime were the same for Connolly in her capacity as employer as they were
for Connolly in her capacity as premises occupier.  In the context of this case, we find no sound
basis to treat Connolly=s duty, as an employer, to exercise
reasonable care to provide Allen with a reasonably safe place to work
differently from Connolly=s duty, as premises occupier, to use
ordinary care to protect invitees from criminal acts of third parties if
Connolly knew or had reason to know of an unreasonable and foreseeable risk of
harm to invitees.  See id.  We conclude that, because Allen asserts that
Connolly breached her negligence duty as employer by failing to exercise
reasonable care to protect Allen from third-party criminal acts, the Timberwalk
analysis applies to determine whether Connolly owed a negligence duty to Allen
under the facts of this case. 

Foreseeability of Harm








In the alternative, Allen also argues that if Timberwalk
does apply, the criminal act in this case was foreseeable, giving rise to a
duty owed to her by Connolly.  AForeseeability requires only that the
general danger, not the exact sequence of events that produced the harm, be
foreseeable.@  Walker, 924
S.W.2d at 377.  AWhen general danger to invitees is
the risk of injury from criminal activity by third parties, the evidence must
reveal specific previous crimes on or near the premises in order to establish
foreseeability of harm.@ 
Timberwalk, 972 S.W.2d at 756.  Our supreme court has explained that Acriminal conduct of a specific nature
at a particular location is never foreseeable merely because crime is
increasingly random and violent and may possibly occur almost anywhere,
especially in a large city.@ 
Id.  A negligence duty as
to third-party criminal conduct exists only when the risk of criminal conduct
is so great that it is both unreasonable and foreseeable.  Id.  Foreseeability
is not determined with hindsight but rather in light of what Connolly knew or
should have known before the criminal act occurred.  See id. at 757.  In determining whether Connolly should have
foreseen the occurrence of the aggravated robbery and aggravated sexual assault
in question, we consider whether any criminal conduct previously occurred, how
often it occurred, how similar the conduct was to the conduct on the property,
and what publicity was given the occurrences to indicate that Connolly knew or
should have known about them.  See id.  AThese factorsCproximity, recency, frequency,
similarity, and publicityCmust be considered together in
determining whether criminal conduct was foreseeable.@ 
Id.  In this case, the
evidence demonstrates that Connolly and her other employees were unaware of any
prior criminal activity of a similar nature occurring on or near Connolly=s business premises.  The owner of a gas station on the same block
was aware of some incidents of shoplifting, and Allen points to crime
statistics that indicate some criminal activity in the area.  Additionally, Allen argues that Connolly=s act of installing an alarm system
itself indicates Connolly=s awareness that crimes were
occurring in the area.          Allen=s evidence and arguments are
unpersuasive.  Only one of the prior
criminal acts, an assault that occurred at the nearby gas station, is possibly
comparable to the violent act committed by Cerf against Allen; however, the
record is devoid of any evidence indicating the nature or severity of that
assault or whether it was similar to the assault against Allen.  Moreover, before the aggravated sexual
assault on Allen, the assault at the gas station appears to have been an
isolated incident.  The evidence Allen produced
does not indicate the kind of rampant, obvious, and violent criminal activity
that would put Connolly on notice that her place of business was located in a
dangerous area.  Allen=s argument that the mere existence of
crime in the vicinity is proof of foreseeability is not legally sound.  See id. at 756.  Looking to the factors of proximity, recency,
frequency, similarity, and publicity, the summary-judgment evidence must show
that Connolly knew or had reason to know of similar crimes in the
vicinity.  See id. at 757.  Applying this standard, Allen=s summary-judgment evidence of some
criminal activity in the vicinity fails to establish foreseeability.  See id. at 756; Walker, 924
S.W.2d at 377B78.

Allen=s argument that Connolly=s mere installation of a security and
alarm system itself proves foreseeability is also unavailing.  Installing an alarm system is not proof per
se that Connolly was aware of any crimes occurring in the area.  Connolly=s motivation for installing the
security system is unclear, although arguably, she acted to prevent the
possibility of future criminal acts.  The
mere act of taking preventative measures to protect against the possibility of
future crime is not the same as foreseeing that criminal activity.  We do not equate Connolly=s installation of a security system
and the minimal criminal activity at or near her business premises with proof
of foreseeability of aggravated robbery and aggravated sexual assault of
Connolly=s employees.  To
hold otherwise would virtually eliminate the foreseeability requirement for a
negligence claim against a person who installs a security system or takes other
preventative measures to guard against crime. 

The evidence in this case does not show that Connolly had
any reason to foresee that a violent criminal act might occur on her business
premises and injure one of her employees. 
Because the aggravated sexual assault on Allen was unforeseeable, Allen=s negligence claim against Connolly
fails.








V.  Conclusion

We
find no merit in Allen=s appellate arguments and no error in
the trial court=s summary judgment in favor of Connolly.  Accordingly, we overrule Allen=s sole issue on appeal and affirm the
trial court=s judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Opinion filed January 27, 2005.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  Connolly cited
Cerf as a responsible third party and secured a default judgment against him
for liability in this case.





[2]  Allen also
sued several State Farm Insurance entities.  After the trial court granted Connolly=s motion for summary judgment, Allen non-suited her
claims against the State Farm defendants, making the summary judgment in favor
of Connolly final.