Affirmed and Memorandum Opinion filed December 6, 2005









Affirmed
and Memorandum Opinion filed December 6, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00088-CV

____________

 

LOIS LEGROS,
INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF ARISTILE J. LEGROS,
JR., DECEASED,
AND JESSE LEGROS, LARRY A. LEGROS, AND MYRA J. PERRIN, Appellants

 

V.

 

LONE STAR STRIPING
AND PAVING, LLC, KEVIN HODGE, CSR AMERICA, INC. D/B/A CSR BAY CONCRETE, AND
COLEMAN CONTRACTING GROUP, INC., Appellees

 



 

On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 15622*JG01

 



 

M E M O R A N D U M   O P I N I O N








This is an appeal from a summary
judgment.  Appellant Lois LeGros,
Individually and as Independent Executrix of the Estate of Aristile J. LeGros,
Jr., Deceased, argues in two issues that the trial court erred in granting
summary judgment in favor of appellee Coleman Contracting Group, Inc.[1]  We affirm.

Coleman
Contracting Group, Inc. (AColeman@) was hired as the
general contractor on a construction project for TIAA Realty, Inc. (ATIAA@).  Coleman hired Lone Star Striping and Paving,
Inc. (ALone Star@)[2]
as a subcontractor for the project, and Lone Star hired Hydro Conduit to
deliver several large concrete catch basins to the construction site.  Hydro Conduit loaded several basins onto
four-by-six inch wooden runners on a trailer. 
Appellant=s husband, Aristile LeGros, a driver for
Hydro Conduit, drove the basins to the construction site.  At the site, Kevin Hodge, a Lone Star
employee, unloaded the basins while LeGros stood nearby.  As Hodge lifted one of the basins off the
trailer, a wooden runner flew out and fatally struck LeGros in the head.  It is undisputed that no Coleman employees
were present when the accident occurred. 

Appellant filed a wrongful death suit as
executrix of her husband=s estate and a survivor suit on her own
behalf against Coleman, alleging that Coleman breached a duty of care it owed
her husband by negligently failing to supervise Lone Star and its employees= work.  Coleman filed a motion for summary judgment
on the grounds that it owed LeGros no duty and exercised no control over Lone
Star or its employees.  The trial court
granted Coleman=s motion, and this appeal followed.  








Coleman filed a no-evidence summary
judgment motion.  See Tex. R. Civ. P. 166a(i).  A no-evidence summary judgment is properly
granted when the respondent fails to bring forth more than a scintilla of
probative evidence that raises a genuine issue of material fact.  See id.; Oliphint v. Richards,
167 S.W.3d 513, 516 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  In reviewing
a no-evidence motion for summary judgment, we take as true all evidence
favorable to the non‑movant, and we make all reasonable inferences
therefrom in the non‑movant=s favor.  Allen v. Connolly, 158 S.W.3d 61, 64
(Tex. App.CHouston [14th Dist.] 2005, no pet.).

To sustain a negligence cause of action, a
plaintiff must produce evidence of a legal duty owed by the defendant to the
plaintiff, a breach of that duty, and damages proximately caused by the
breach.  Lee Lewis Constr., Inc. v.
Harrison, 70 S.W.3d 778, 782 (Tex. 2001). 
A general contractor normally does not have a duty to ensure that an
independent contractor performs work safely. 
Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999).  However, a duty may arise when a general
contractor retains some control over the manner in which the independent
contractor=s work is performed.  Id. 
This duty is commensurate with the amount of control retained over the
independent contractor=s work. 
Id.; Lee Lewis Constr., 70 S.W.3d at 783.  Further, the employer=s role must be
more than a general right to order the work to start or stop, to inspect
progress, or to receive reports.  Redinger
v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985) (citing Restatement (Second) of Torts _ 414, cmt. c (1965)).  Control may be proven in two ways: (1) by
contractual agreement that explicitly assigns a right to control or (2) by
exercise of actual control.  Dow Chem.
Co. v. Bright, 89 S.W.3d 602, 606 (Tex. 2002); Ashabranner v. Hydrochem
Indus. Servs., Inc., No. 14-03-00762-CV, 2004 WL 613026, at *2 (Tex. App.BHouston [14th
Dist.] Mar. 30, 2004, no pet.) (mem. op.). 
A right of control is contingent on the ability to control the means,
methods, or details of the independent contractor=s work.  Dow Chem Co., 89 S.W.3d at 606.  Here, appellant alleges only that Coleman
retained contractual control over Lone Star.








Whether there is a contractual right of
control is generally a question of law for the court.[3]  Ashabranner, 2004 WL 613026, at
*2.  Our primary consideration when
interpreting a contract is the parties= intent as
expressed in the instrument.  Elliott-Williams,
9 S.W.3d at 803.  We examine the writing
as a whole in an effort to harmonize and give effect to all the provisions of
the contract so that none will be rendered meaningless.  Heritage Res., Inc. v. NationsBank,
939 S.W.2d 118, 121 (Tex. 1996); Zurich Am. Ins. Co. v. Hunt Petroleum
(AEC), Inc., 157 S.W.3d 462, 465 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  If the contract
is unambiguous, the court will construe it as a matter of law.  Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983).  

The contract between Coleman and TIAA
requires Coleman to be responsible for and control Aconstruction means,
methods, techniques, sequences and procedures@ and to implement
safety programs related to the project. 
Appellant contends this language establishes sufficient right of control
over Lone Star to make Coleman liable for the acts of Lone Star=s employees.  However, the contract also provides that it Ashall not be
construed to create a contractual relationship of any kind . . . between any persons
or entities other than the Owner and Contractor.@  This language, taken as a whole, shows TIAA
and Coleman intended only to establish rights between themselves and not to
establish Coleman=s right of control over Lone Star, which
was not named in the contract.  Thus, the
contract between TIAA and Coleman did not establish Coleman=s right of control
over Lone Star.  See Dow, 89
S.W.3d at 606B07 (finding no contractual control of
owner over contractor, despite owner=s requirement that
owner=s safety rules be
followed, when contract specified contractor was independent contractor and
controlled its own work); Elliott-Williams, 9 S.W.3d at 804B05 (construing
contract between military and contractor as intended only to establish financial
responsibility between parties and not control over subcontractor=s work).








Further, we disagree with appellant=s contention that
the safety provision in the contract between TIAA and Coleman establishes a
right of control under these facts.  To
be liable for injury based on a right of control, the control retained by a
general contractor must relate to the injury, and the contract must grant the
contractor at least the power to direct the order in which the work is to be
done.  Dow Chem. Co., 89 S.W.3d at
606.  AThere must be such
a retention of a right of supervision that the contractor is not entirely free
to do the work in his own way.@  Restatement
(Second) of Torts _ 414 cmt. c
(1965); see also Elliott-Williams, 9 S.W.3d at 804.  Here, the safety provision in the contract
between TIAA and Coleman states as follows:

16.1  The Contractor shall be responsible for
initiating, maintaining, and supervising all safety precautions and programs in
connection with the performance of the Contract.  The Contractor shall take reasonable
precautions for safety of, and shall provide reasonable protection to prevent
damage, injury or loss to:

1. [E]mployees on the Work and
other persons who may be affected thereby . . . 

The Contractor
shall give notices and comply with applicable laws, ordinances, rules,
regulations and lawful orders of public authorities bearing on safety of
persons and property . . . .








Requiring the employees of independent contractors to comply
with federal law, general safety guidelines, or other safety precautions does
not impose an unqualified duty to ensure those employees do nothing
unsafe.  See Hoechst-Celanese Corp. v.
Mendez, 967 S.W.2d 354, 357B58 (Tex.
1998).  Rather, a general contractor has
a narrow duty to ensure that any safety procedures it promulgates do not
unreasonably increase the probability and severity of injury.  Id. at 358.  Appellant does not show that Coleman
established or approved particular unloading procedures that contributed to
LeGros=s injuries.  Instead, the record demonstrates that Lone
Star was free to do the work its own way. 
Nor does appellant claim Coleman failed to give notice of applicable
safety rules or was aware of and failed to correct unsafe unloading practices
by Lone Star.  See, e.g., Lee
Lewis Constr., 70 S.W.3d at 784 (finding contractor liable when it
specifically approved fall-protection equipment it knew was inadequate).  The crux of appellant=s argument is that
because Coleman retained contractual control over safety matters, it
negligently failed to supervise Lone Star=s work.  However, the retention of a general right to
recommend a safe manner for employees to perform their work does not create
liability.  See Koch Ref. Co. v. Chapa,
11 S.W.3d 153, 155 (Tex. 1999).  To hold
otherwise would work against public policy by discouraging owners and general
contractors from implementing any safety regulations for fear of incurring
liability.  See Dow Chem. Co., 89
S.W.3d at 607B08; Dyall v. Simpson Pasadena Paper Co.,
152 S.W.3d 688, 698 (Tex. App.CHouston [14th
Dist.] 2004, pet. filed). 

Accordingly, we find appellant did not
produce more than a scintilla of evidence that Coleman retained control over
the manner in which Lone Star=s work was
performed.  Thus, we overrule appellant=s two issues. 

The summary judgment of the trial court is affirmed.

 

 

 

/s/      Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 6, 2005.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson.

 











[1]  Lone Star
Striping and Paving, LLC, Kevin Hodge, and CSR America, Inc. d/b/a CSR Bay
Concrete are not parties to this appeal.





[2]  In the record,
both Astriping@ and Astripping@ are
used with Lone Star=s name.  For
purposes of this appeal, we use the word Astriping.@





[3]  Although
appellant argues that a fact finder should be able to decide whether Coleman
properly exercised the control that they Aclearly
contracted for,@ this court only considers the threshold question of
whether a contractual right of control was established between Coleman and Lone
Star.