Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-09-00529-CV

Maria **LOPEZ**,
Appellant

v.

**REGENT CARE CENTER** and Regent Care Center of Laredo, Limited Partnership d/b/a
Regent Care Center Laredo,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2005-CVT-001572-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  September 22, 2010

AFFIRMED

Maria Lopez appeals the granting of summary judgment in favor of Regent Care Center

of Laredo, L.P. d/b/a Regent Care Center Laredo ("Regent Care").  We affirm the judgment of

the trial court.

### BACKGROUND

Lopez was washing dishes at her place of employment, Regent Care Center Laredo, when

she slipped and fell on concentrated liquid soap that had spilled on a rubber mat.  At the time of

the accident, Lopez was carrying a container full of dirty glasses that obstructed her view of the floor immediately in front of her. Lopez sustained injuries to her neck and back, and brought a "non-subscriber" suit against Regent Care, alleging failure to provide her a safe workplace. Regent Care moved for traditional summary judgment, asserting that slipping on a soapy mat was a common occurrence known to and appreciated by an experienced dish washer such as Lopez, and therefore it owed no duty to her. Regent Care likewise moved for a no-evidence summary judgment challenging each element of Lopez's negligence claims. Regent Care also contended that Lopez's accident was actionable only as a premises liability claim, and that Lopez failed to point to any evidence supporting the elements of that cause of action. Lopez filed a response and attached evidence. Regent Care then filed objections to Lopez's summary judgment evidence and a reply to her response to their motions for summary judgment. The trial court granted the motions for summary judgment without specifying the grounds for its decision. Lopez filed a motion for new trial, which was denied by the trial court. Lopez timely appealed.

## STANDARD OF REVIEW

We review both traditional and no-evidence summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We consider the evidence in the light most favorable to the non-movant and indulge all reasonable inferences and resolve any doubts in the non-movant's favor. *Id.* at 157. We will affirm a traditional summary judgment only if the movant established that there are no genuine issues of material fact and it is entitled to judgment as a matter of law on a ground expressly set forth in the motion. *Id.* We will affirm a no-evidence summary judgment only if the non-movant failed to produce more than a scintilla of probative evidence raising a genuine issue of material fact on a challenged element of the cause of action. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). When the trial court

does not specify the grounds for its summary judgment, we must affirm the judgment so long as any one of the theories advanced in the motion is meritorious. *Joe*, 145 S.W.3d at 157.

## DISCUSSION

We construe Lopez's issues on appeal as two challenges to the summary judgment, in which she chiefly argues that: (1) because the soapy puddle was not a commonly understood occurrence, she presented evidence raising a fact issue on each element of her premises liability claim; and (2) because carrying the container of dirty glasses is what actually caused her to fall, she presented evidence raising a fact issue as to negligent activity.

Lopez's Third Amended Petition listed fourteen claims related to Regent Care's failure to provide her a safe workplace.[1] In its traditional motion for summary judgment, Regent Care argued that, as a matter of law, it did not owe a duty to warn Lopez of a hazard commonly known to or already appreciated by her, *i.e.*, dish soap on a mat in the dish wash room. *See Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (per curiam) (holding an employer owes no duty to warn of hazards commonly known or already appreciated by the employee); *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (same). Regent Care

---

[1] The fourteen claims were:

1) The defendants failed to provide the Plaintiff with a reasonably safe place in which to work; 2) The Defendants failed to properly maintain the rubber mats and floor in the dish washing room; 3) The Defendants failed to clean and remove the soap from the rubber mats and floor in the dish washing room; 4) The Defendants failed to make certain the floor mats in the dish washing room were clean and properly maintained and failed to warn the Plaintiff of the soap on the mats; 5) The Defendants failed to have appropriate matting in the dish washing room; 6) The Defendants failed to require appropriate footwear for employees that worked in the dish washing room; 7) The Defendants failed to have an informed management regarding cause and prevention of slip type falls; 8) The Defendants had unsafe work practices; 9) The Defendants failed to install[,] maintain and use methods, processes, devi[c]es and safe guards to protect its kitchen and dishwashing employees; 10) The Defendants failed to establish and implement a workplace safety program; 11) The Defendants failed to do a Job Safety Analysis for the hazards associated with kitchen and dishwashing activities; 12) The Defendants failed to properly train its kitchen and dishwashing employees; 13) The Defendants failed to provide slip resistant footwear to its kitchen and dishwashing employees; and 14) The Defendants failed to provide safety training to its kitchen and dishwashing employees.

moved for no-evidence summary judgment on the basis that Lopez failed to present evidence of the elements of negligence. Further, although Lopez did not expressly label any of her claims as "premises liability" claims, Regent Care averred that Lopez had no evidence that (1) Regent Care had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) Regent Care did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) Regent Care's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Lopez's injuries. *See Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 739 (Tex. App.—San Antonio 2009, no pet.) (listing elements required to establish a premises liability claim). Lastly, Regent Care moved for summary judgment on the basis that Lopez had no evidence to support her claims involving safety rules.

In order to prevail on her premises liability claim, Lopez must prove that Regent Care failed to maintain a safe work place. The standard of care owed by an employer to an employee is the same as that owed by a premises owner to an invitee. *See Allen v. Connolly*, 158 S.W.3d 61, 65 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Therefore, before Regent Care can be held to have breached its duty to maintain a safe work place, Lopez must show that Regent Care knew, or after a reasonable inspection should have known, of an unreasonably dangerous condition. *See Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.). Lopez did not assert that Regent Care or one of its employees placed the soap on the mat, nor has she claimed that a Regent Care employee actually knew of it. In fact, the summary judgment evidence shows that Lopez, her co-worker Bertha Hernandez, and their assistant manager Joel Sanchez had not seen the puddle of liquid soap prior to Lopez's slip and fall. There is no evidence that anyone saw the puddle before Lopez fell, and further, there is no

evidence to suggest that such a puddle of liquid soap had ever occurred at Regent Care. Accordingly, the summary judgment evidence was insufficient to raise a fact issue concerning Regent Care's actual knowledge of the soap on the mat. Alternatively, Lopez argues actual knowledge can be imputed to Regent Care because its use of the rubber mats in the dish wash room was a precautionary measure taken to reduce accidents. *See Reliable Consultants, Inc. v. Jacquez*, 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied) (holding evidence supported jury's finding that store knew or should have known of risk of step inside store where store owners affirmatively undertook precautionary measures to prevent stumbling hazard, coupled with numerous previous instances where customers had stumbled on step). Here, in contrast, there is no summary judgment evidence that anyone had ever slipped on liquid soap that had spilled on the rubber mats in the dish washing room. Lopez herself stated that she had never seen a puddle of liquid soap at Regent Care, and there was no evidence to suggest that such a puddle had ever occurred before. Thus, Regent Care's use of rubber mats in the dish wash room, standing alone, does not amount to a precautionary measure from which it can be inferred that Regent Care had actual knowledge of the dangerous condition created by the soap. Lopez's first issue is overruled.

In Lopez's second issue, she argues that her negligent activity claim should have precluded the granting of summary judgment against her. Specifically, she states that the "use of a container to do her job was negligent." We disagree. Here, the relevant dangerous condition was the liquid soap on the mat on which Lopez slipped and fell. *See Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408-10 (Tex. 2006) (ice on floor was the relevant dangerous condition, not an ice dispenser from which ice tended to fall on the floor); *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536-37 (Tex. 1996) (per curiam) (leaky roof was not itself the dangerous

condition, but a cause of the dangerous condition of a wet floor below); *see also City of Austin v. Leggett*, 257 S.W.3d 456, 469-71 (Tex. App.—Austin 2008, pet. denied) (unreasonably dangerous condition was not the allegedly defective detention pond grate, but the flooding in the intersection). Again, Lopez did not present summary judgment evidence raising a fact issue as to whether Regent Care knew or should have known of the soap on the mat in the dish wash room. Accordingly, we overrule her second issue on appeal, and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice